# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF MICHIGAN

*************************************************************************

RICHARD L. BAIRD,

    Plaintiff,

v

DANA M. NESSEL, FADWA A. HAMMOUD, and KYM L. WORTHY,

    Defendants.

_____/

Case No.:

Judge:

Magistrate Judge:

**42 USC 1983**

**Demand For Jury Trial**

Rizik & Rizik
By: Michael B. Rizik Jr. (P33431)
9400 S. Saginaw St., Ste. E
Grand Blanc, MI 48439
Phone: (810) 953-6000 (Fax: 6005)
Cell: (810) 610-2673
Email: lawyers@riziklaw.com
       autumn@riziklaw.com
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

    This action seeks redress under 42 U.S.C. §1983 for the Defendants' violation of Plaintiff Richard L. Baird's due process rights under the United States Constitution and federal law. The Plaintiff alleges that each of the Defendants, acting individually under color of state law, deprived him of rights, privileges, and immunities secured by the Constitution and laws of the United States.

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter under 28 U.S.C. §1331 because the actions complained of involve violations of the United States Constitution and laws.

2. This Court has jurisdiction over this matter under 28 U.S.C. §1343 because the Defendants'

1

actions damaged Plaintiff's person and property, deprived Plaintiff under the color of any State law or statute of any right, privilege, or immunity secured by the Constitution of the United States, and recover damages or secure equitable or other relief under any Act of Congress providing for the protection of civil rights.

3. Venue is proper in this district under 28 U.S.C. § 1391 because the events giving rise to the claims occurred in this district, at least in part.

## PARTIES

4. Plaintiff Richard L. Baird ("Baird") is a resident of Ann Arbor, Michigan, and was a defendant in a previous State Court criminal case, <u>People of the State of Michigan</u> v <u>Richard Louis Baird,</u> Case No: 21-047375-FH, in the Genesee County Circuit Court, related to the Flint Water Crisis.

5. Defendants are residents of the State of Michigan and attorneys licensed by the State Bar of Michigan.

6. At all relevant times, Dana M. Nessel was the Attorney General for the State of Michigan.

7. At all relevant times, Fadwa A. Hammoud was an Assistant Attorney General for the State of Michigan.

8. At all relevant times, Kym L. Worthy was the Wayne County Prosecutor assigned to coordinate the criminal prosecution of Baird.

9. At all relevant times, the Defendants were State actors who acted under the color of State law and were members of the so-called Flint Water Prosecution Team.

## FACTUAL ALLEGATIONS

10. From about 2012 until the end of Governor Rick Snyder's second term in office, Baird was employed by the State of Michigan as the Governor's "Special Adviser."

2

11. This lawsuit arises from the Defendants and others, factual, legal, and constitutionally infirm attempts to criminally prosecute Baird as part of the "Second Wave" of criminal prosecutions related to the Flint Water Crisis.[1]

12. After the Attorney General dismissed the First Wave cases pending trial in the Genesee County 7th Circuit Court, Chief Judge Duncan Beagle appointed 7th Circuit Court Judge David J. Newblatt to conduct a judicial inquiry according to MCL 767.3 and 767.4.

13. The Order of Appointment was dated January 9, 2020.

14. Such a judicial inquiry has sometimes been called a "One Man Grand Jury."

15. The Michigan "One Man Grand Jury" was created by statute in 1917.[2]

16. On January 14, 2021, Baird was arraigned on charges contained in an "Indictment" issued by Judge Newblatt, the " One-Man Grand Juror."

17. On March 12, 2021, Baird filed a Motion to Proceed Upon a Formal Complaint In Conformity with MCL 767.4 and for Remand for Preliminary Examination.

18. The Circuit Court heard oral argument on Baird's Motion on April 6, 2021.

19. On June 16, 2021, the Genesee County Circuit Court entered an Order denying Baird's Motion to Proceed Upon a Formal Complaint In Conformity with MCL 767.4 and for Remand for Preliminary Examination.

20. The Fifth Amendment to the United States Constitution states:

> "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury … nor be deprived of life, liberty, or property, without due process of law…"

---

[1] The original (First Wave) cases were charged by complaint authorized by the Office of Special Counsel Todd Flood. Plea agreements were reached in some of the cases and the remainder were dismissed on motion of the government after bind over following preliminary examination had occurred.

[2] See Mich. Comp. Law. Ann.§§ 767.3, 767.4 (West 2016) (present statutory authority on the one-man grand jury); see also Robert G. Scigliano, Inquisitorial Proceedings and Separation of Functions: The Case of the Michigan OneMan Grand Jury, 38 U. Det. L.J. 882, 886-89 (1960) (recounting the history of the one-man grand jury).

21. The Due Process clause of the Fourteenth Amendment mandates that the State's charging method must give the criminal defendant fair notice of the charges against him to permit adequate preparation of his defense. It states:

> "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." (Amendment XIV, §1)

22. This constitutional right to notice of the criminal charge or charges brought against a criminal defendant can be satisfied by means other than an arraignment, such as a preliminary examination.

23. No preliminary examination was held, violating Baird's constitutional right to due process, guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

24. Baird filed his Interlocutory Application for Leave to Appeal the June 16, 2021, Order on July 2, 2021.

25. On August 25, 2021, the Michigan Court of Appeals ruled that the application for leave to appeal was "DENIED for lack of merit in the grounds presented."[3]

26. On October 20, 2021, Baird filed the Defendant-Appellant's Interlocutory Application for Leave to Appeal the August 25, 2021, denial in the Michigan Supreme Court.

27. On March 17, 2022, the Michigan Supreme Court held in People v Baird:

> "On order of the Court, the application for leave to appeal the August 25, 2021 order of the Court of Appeals is considered and, it appearing to this Court that the case of *People v Peeler* (Docket No. 163667) is pending on appeal before this Court and that the decision in that case may resolve an issue raised in the present application for leave to appeal, we ORDER that the application be held in ABEYANCE pending the decision in that case."[4]

---

[3] People v Baird, Mi Ct of App Docket No. 357715
[4] People v Baird, ___ Mich 514; 970 NW2d 669 (2022)

28. In People v Baird on March 30, 2022, the Michigan Supreme Court held in pertinent part:

> "By order of March 17, 2022, this case was held in abeyance for *People v Peeler* (Docket No. 163667). On the Court's own motion, we VACATE our abeyance order of March 17, 2022. The application for leave to appeal the August 25, 2021 order of the Court of Appeals is again considered. We direct the Clerk to schedule oral argument on the application for May 4, 2022. MCR 7.305(H)(1)."
>
> The parties may file supplemental briefs by 5:00 p.m. on April 14, 2022, addressing whether a defendant charged with a felony after a proceeding conducted pursuant to MCL 767.3 and MCL 767.4 is entitled to a preliminary examination. Each party may file a response brief by 5:00 p.m. on April 21, 2022. MCR 7.314(B)(1). The time allowed for oral argument shall be 10 minutes for each side. The motions to allow supplemental briefing and participate in oral argument are DENIED as moot."[5]

29. On May 18, 2022, the Michigan Court of Appeals ruled in People v Baird:

> "The motion to hold the application for leave to appeal in abeyance is GRANTED. It appearing that a decision on the bypass application in ***People v Nicholas Lyon***, Michigan Supreme Court No. 164191, may resolve an issue raised in the present application for leave to appeal, the application is HELD IN ABEYANCE pending a decision in ***People v Nicholas Lyon*** or until further order of this Court."[6]

30. On June 28, 2022, the Michigan Supreme Court rebuked these civil Defendants in People v Peeler. The unanimous opinion began:

> "But for some reason, they were not charged the way that almost everyone in Michigan is charged—with a criminal complaint issued by a prosecutor and followed by a preliminary examination in open court at which the accused can hear and challenge the prosecution's evidence. Instead, the prosecution chose to proceed with these cases using what have become known as the "one man grand jury" statutes, MCL 767.3 and MCL 767.4."[7]

31. Writing the unanimous opinion, C.J. Bridget McCormack stated:

> "A Genesee County judge served as the one-man 'grand' jury and considered the evidence not in a public courtroom but in secret, a Star Chamber comeback.[8]

32. This language meant or was evidence that these civil Defendants violated clearly

---

[5] 509 Mich. 915; 971 N.W.2d 218 (2022)
[6] Mi Ct of App Docket No. 360570 (2022)
[7] 509 Mich. 381, 386; 984 N.W.2d 80 (2022)
[8] Id,

established statutory or constitutional rights.

33. The Michigan Supreme Court concluded unequivocally:

"MCL 767.3 and MCL 767.4 authorize a judge to investigate, subpoena witnesses, and issue arrest warrants. *But they do not authorize the judge to issue indictments. And if a criminal process begins with a one-man grand jury, the accused is entitled to a preliminary examination before being brought to trial.* Accordingly, we reverse the Genesee Circuit Court's orders denying Peeler's and Baird's motions to remand for a preliminary examination and denying Lyon's motion to dismiss. We remand to the Genesee Circuit Court for further proceedings consistent with this opinion." (Emphasis supplied)[9]

34. Despite the Michigan Supreme Court's ruling on June 28, 2022, the Flint Water Prosecution Team pressed on, creating confusion and division in the Courts. They wanted their pound of flesh, even if it meant running roughshod over the United States Constitution.

35. In People v Baird, on January 24, 2023, the Michigan Court of Appeals granted Baird's Motion for additional time to file his appellate brief.[10]

36. In People v Baird, on March 1, 2023, the Michigan Court of Appeals held:

"The motion to dismiss pursuant to MCR 7.211(C)(2) is DENIED.

"The motion to affirm pursuant to MCR 7.211(C)(3) is GRANTED for the reason that the questions to be reviewed are so unsubstantial as to need no argument or formal submission"[11]

37. By denying Baird's Motion to Dismiss, the Michigan Court of Appeals provided the Flint Water Prosecution Team another opportunity to appeal Genesee County Circuit Court's ruling to the Michigan Supreme Court.

38. On September 20, 2023, the Michigan Supreme Court in People v Baird, held:

"On order of the Court, the application for leave to appeal the March 1, 2023 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court."[12]

---

[9] 509 Mich. 381, 399; 984 N.W.2d 80 (2022)
[10] Mich Ct. of Appeals Docket No. 363817 (2023)
[11] Mich Ct. of Appeals Docket No. 363817 (2023)
[12] 512 Mich. 959; 994 N.W.2d 786 (2023)

6

39. The Flint Water Prosecution Team pressed on, inexorably refusing to surrender to their obvious errors.

40. The beginning of the end of Baird's nightmare occurred the morning of October 31, 2023, when the Michigan Supreme Court effectively shut down all criminal prosecutions by the Flint Water Prosecution Team and held in People v Richard Dale Snyder, Michigan's former governor:

> "On order of the Court, the application for leave to appeal the June 1, 2023 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court."[13]

41. Later on that same day as the Supreme Court's ruling on October 31, 2023, the Flint Water Prosecution Team issued a press release stating that, among other things:

> "This morning, the Michigan Supreme Court (MSC) declined to hear appeals of a lower court order dismissing the misdemeanor charges brought against former governor Richard Snyder. *The denial is predicated on the MSC's own 2022 ruling in People v Peeler, which upended a century of precedent upholding the use of one-man grand juries. This ruling effectively closes the door on the criminal prosecutions of the government officials the People alleged to be responsible for the Flint Water Crisis,* without the People being permitted to admit a single item of evidence in open court." (Emphasis supplied)

42. Outside the Genesee County Circuit Court rulings, these civil Defendants lost every substantive motion related to the flawed criminal procedures they employed against Baird.

43. The heart and soul of this 42 USC 1983 case against the Defendants is that they denied Baird his constitutionally guaranteed procedural due process of the law.

44. As Michigan Supreme Court Justice Richard Bernstein forcefully reiterated in his concurring opinion in People v Peeler:

> "I concur fully with the Court's opinion but write separately to address the significant interests implicated in this case. *Today, this Court recognizes what we have always known to be true: procedure matters.* It is, in fact, the foundation of our adversarial process. Indeed, our adversarial system of justice 'is premised on the well-tested principle that truth—as well as fairness—is best discovered by

---

[13] 996 N.W.2d 464 (2023)

powerful statements on both sides of the question.' Penson v Ohio, 488 US 75, 84; 109 S Ct 346; 102 L Ed 2d 300 (1988) (quotation marks and citations omitted)." (Emphasis supplied)[14]

45. Until October 31, 2023, these Defendants blurred legal clarity, sowed discord among the citizens of Flint and the State of Michigan, and deprived Baird of his constitutional right to due process under the laws.

## CAUSE OF ACTION

### Count I: Deprivation of Rights Under 42 U.S.C. § 1983

46. Plaintiff realleges and incorporates by reference all preceding paragraphs.

47. 42 USC 1983 states:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

48. Defendants, acting individually under color of State of Michigan law as licensed attorneys and elected or appointed prosecutors, deprived Baird of his due process rights under the Fifth and Fourteenth Amendments to the United States Constitution by:

    A. Using the judicial inquiry process in MCL 767.3 and 767.4 to act as a "one-man grand jury" and bring charges against Baird;

    B. Bypassing the traditional processes of a criminal complaint and a preliminary examination;

---

[14] 509 Mich. 381, 400-401; 984 N.W.2d 80 (2022)

  C. Depriving Baird of his right to a preliminary examination;

  D. Insisting that Judge David J. Newblatt consider evidence in secret;

  E. Denying Baird the opportunity to challenge the evidence against him before a judge decided whether to proceed with a trial;

  F. Failing or refusing to provide exculpatory evidence;

  G. Failing or refusing to provide the requested discovery to Baird, preventing him from mounting a challenge to his indictment;

  H. Seeking and obtaining an indictment after the statutory time limit for the judicial inquiry process had expired (i.e., greater than 6 months after the judicial inquiry had been ordered convened, in fact, more than 12 months later);

  I. Improperly seeking and obtaining 2, 6-month extensions of the judicial inquiry;

  J. Seeking and obtaining an indictment on January 8, 2021;

  K. Failing or refusing to strictly comply with the judicial inquiry statutory provisions in MCL 767.3 and 767.4; and,

  L. In all other ways learned during discovery and trial.

49. Defendants' conduct, in fact, deprived Baird of his rights, privileges, or immunities secured by the Constitution or laws of the United States as stated throughout this Complaint.

50. As a direct and proximate result of the Defendants' actions, Plaintiff suffered damages, including:

  A. Mental and emotional distress;

  B. Conscious pain and suffering;

  C. Attorney fees approximating $800,000.00 to defend himself in the criminal proceedings;

  D. Attorney fees spent to sue this lawsuit;

E. Reputational damage;

F. Exemplary damages;

G. Punitive damages; and

H. All other damages allowed by 42 USC 1983.

51. Defendants' conduct was intentional, grossly negligent, or amounted to reckless or callous indifference to Baird's constitutional rights.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff, Richard L. Baird, respectfully requests that this Honorable Court grant him the following relief:

A. Mental and emotional distress damages;

B. Conscious pain and suffering damages;

C. Attorney fees approximating $800,000.00 to defend himself in the criminal proceedings;

D. Reputational damages;

E. Exemplary damages;

F. Punitive damages; and

G. All other damages allowed by 42 USC 1983.

H. Attorney fees and costs under 42 U.S.C. § 1988; and

I. Any other legal or equitable relief this Court deems proper.

Dated: May 6, 2024               Respectfully Submitted By:

 

_____
Rizik & Rizik
By: Michael B. Rizik Jr. (P33431)
9400 S. Saginaw St., Ste. E
Grand Blanc, MI 48439
Phone: 810-953-6000
Fax: 810-953-6005
Cell: 810-610-2673
Email: lawyers@riziklaw.com
       autumn@riziklaw.com

## DEMAND FOR JURY TRIAL

Plaintiff Richard L. Baird demands a trial by jury on all triable issues.

Dated: May 6, 2024               Respectfully Submitted By:

 

_____
Rizik & Rizik
By: Michael B. Rizik Jr. (P33431)
9400 S. Saginaw St., Ste. E
Grand Blanc, MI 48439
Phone: 810-953-6000
Fax: 810-953-6005
Cell: 810-610-2673
Email: lawyers@riziklaw.com
       autumn@riziklaw.com