UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD L. BAIRD,

     Plaintiff,

v

DANA M. NESSEL, FADWA A.
HAMMOUD and KYM L.
WORTHY,

     Defendants.

No. 2:24-CV-11205

HON. TERRENCE G. BERG

MAG. KIMBERLY G. ALTMAN

**ORAL ARGUMENT
REQUESTED**

_____/

## DEFENDANT ATTORNEY GENERAL DANA NESSEL'S MOTION TO DISMISS

Defendant Attorney General Dana Nessel, through counsel, brings this motion under Fed. R. Civ. P. 12(b)(6) and asks this Court to enter an order dismissing Plaintiff Richard Baird's 42 U.S.C. § 1983 claim on the grounds of absolute prosecutorial immunity, qualified immunity, and lack of personal involvement, as more fully set forth in the accompanying brief.

Counsel for the Attorney General conferred with counsel for Baird via telephone on June 26, 2024.  During this conference, counsel for the Attorney General explained the nature of the motion, its legal basis,

and the requested relief.  Despite reasonable and timely efforts, counsel

did not obtain concurrence in the relief sought.

Respectfully submitted,

*/s/ Kyla L. Barranco*
Kyla L. Barranco (P81082)
Assistant Solicitor General

Mark E. Donnelly (P39281)
Special Assistant Attorney
General

Attorneys for Defendant Nessel
Mich. Dep't of Attorney General
P.O. Box 30212
Lansing, Michigan 48909
517.335.7628
barrancok@michigan.gov
donnellym@michigan.gov

Dated:  June 27, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD L. BAIRD,

     Plaintiff,

v

DANA M. NESSEL, FADWA A.
HAMMOUD and KYM L.
WORTHY,

     Defendants.

No. 2:24-CV-11205

HON. TERRENCE G. BERG

MAG. KIMBERLY G. ALTMAN

**ORAL ARGUMENT
REQUESTED**

_____/

## **DEFENDANT ATTORNEY GENERAL DANA NESSEL'S BRIEF
IN SUPPORT OF HER MOTION TO DISMISS**

Kyla L. Barranco
Assistant Solicitor General

Mark E. Donnelly
Special Assistant Attorney
General

Attorneys for Defendant Nessel
Mich. Dep't of Attorney General
P.O. Box 30212
Lansing, Michigan 48909
517.335.7628
barrancok@michigan.gov
donnellym@michigan.gov
P81082
P39281

Dated:  June 27, 2024

# TABLE OF CONTENTS

Page

Table of Contents ..................................................................................i

Index of Authorities............................................................................ iii

Concise Statement of Issues Presented ...........................................vi

Controlling or Most Appropriate Authority...............................................vi

Introduction...........................................................................................1

Statement of Facts ...............................................................................2

    Flint water background...................................................................2

    Baird is indicted by a one-man grand jury in 2021. ......................3

    The Michigan Supreme Court holds that a defendant
        charged by a one-man grand jury is entitled to a
        preliminary examination. .........................................................6

    Baird's Complaint ...........................................................................7

Standard of Review .............................................................................8

Argument...............................................................................................9

I.    Baird's procedural due process claim against the Attorney
      General is barred by absolute prosecutorial immunity and
      qualified immunity.............................................................................9

    A.    The Attorney General is entitled to absolute
           prosecutorial immunity....................................................9

    B.    The Attorney General is entitled to qualified immunity. ....12

II.   Even if the Attorney General is not immune from suit, she
      was not personally involved in the alleged conduct. .....................18

Conclusion and Relief Requested.........................................................21

i

Certificate of Service (e-file).......................................................................22

# INDEX OF AUTHORITIES

Page

## Cases

*Ashcroft v. al-Kidd*, 563 U.S. 731 (2011)..................................................13

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ......................................................8

*Barnett v. Smithwick*, 835 F. App'x 31 (6th Cir. 2020) ...........................13

*Bellamy v. Bradley*, 729 F.2d 416 (6th Cir. 1984) ...................................18

*Buckle v. Fitzsimmons*, 509 U.S. 259 (1993)............................................11

*Burns v. Reed*, 500 U.S. 478 (1991)......................................................9, 11

*Cady v. Arenac Cnty.*, 574 U.S. 334 (6th Cir. 2009) .................................9

*Davis v. Scherer*, 468 U.S. 183 (1984).....................................................17

*District of Columbia v. Wesby*, 583 U.S. 48 (2018) .................................12

*Ferguson v. United States*, 592 F. Supp. 3d 614 (E.D. Mich. 2022) .......19

*Gerstein v. Pugh,* 420 U.S. 103 (1975) .....................................................14

*Grant v. Hollenbach*, 870 F.2d 1135 (6th Cir. 1989) ...............................10

*Grinter v. Knight*, 532 F.3d 567 (6th Cir. 2008) ......................................18

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982) .............................................15

*Harrill v. Blount Cnty.*, 55 F.3d 1123 (6th Cir. 1995) .............................17

*Higgason v. Stephens*, 288 F.3d 868 (6th Cir. 2002) ........................10, 11

*Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529 (6th Cir. 2008) .......................................................................................................18

*Huron Valley Hosp. Inc. v. Pontiac*, 887 F.2d 710 (6th Cir. 1989) .........15

*Imbler v. Pachtman*, 424 U.S. 409 (1976) ..........................................10, 11

*In re Flint Water Cases*, 53 F.4th 176 (6th Cir. 2022) .......................... 2, 3

*Ireland v. Tunis*, 113 F.3d 1435 (6th Cir. 1997) ..................................... 11

*Jones v. Bock*, 549 U.S. 199 (2007) ........................................................... 8

*Kaley v. United States*, 571 U.S. 320 (2014) ........................................... 14

*Koubriti v. Convertino*, 593 F.3d 459 (6th Cir. 2010) ............................. 11

*Lanier v. Bryant*, 332 F.3d 999 (6th Cir. 2003) ..................................... 12

*Lemanski v. Borgert,* No. 94-1259, 1994 WL 687401 (6th Cir. Dec. 8, 1994) ................................................................................................... 14

*Malley v. Briggs,* 475 U.S. 335 (1986) ..................................................... 11

*Mattera v. Baffert*, 100 F.4th 734 (6th Cir. 2024) .................................... 8

*Miller v. Calhoun Cnty.*, 408 F.3d 803 (6th Cir. 2005) ........................... 18

*Overall v. Ascension*, 23 F. Supp. 3d 816 (E.D. Mich. 2014) ................. 19

*People v. Glass*, 627 N.W.2d 261 (Mich. 2001)........................................ 16

*People v. Green*, 913 N.W.2d 385 (Mich. Ct. App. 2018).................... 6, 16

*People v. Hall*, 460 N.W.2d 520 (Mich. 1990) ........................................ 14

*People v. McGee*, 672 N.W.2d 191 (Mich. Ct. App. 2003) ....................... 16

*People v. Peeler*, 984 N.W.2d 80 (Mich. 2022)................................ *passim*

*Reichle v. Howards*, 566 U.S. 658 (2012) ................................................ 12

*Siefert v. Hamilton Cnty.*, 951 F.3d 753 (6th Cir. 2020).......................... 8

*Spurlock v. Thompson*, 330 F.3d 791 (2003),........................................... 12

*United States v. Mulligan*, 520 F.2d 1327 (6th Cir. 1975) ..................... 14

**Statutes**

42 U.S.C. § 1983 ................................................................ *passim*

Mich. Comp. Laws § 767.3 ............................................... *passim*

Mich. Comp. Laws § 767.4 ............................................... *passim*

**Rules**

Fed. R. Civ. P. 12(b)(6) ......................................................... 8

Fed. R. Evid. 201 ................................................................ 19

Fed. R. Evid. 201(b) ........................................................... 19

## CONCISE STATEMENT OF ISSUES PRESENTED

1.  Absolute immunity protects prosecutors acting within the scope of their duties in initiating and pursuing criminal prosecutions, and qualified immunity protects government officials unless they violated a clearly established federal right. Baird alleges conduct squarely tied to prosecutorial duties, and he fails to identify any clearly established law guaranteeing a federal right to a preliminary examination. Does the Attorney General have absolute prosecutorial immunity and qualified immunity?

2.  To maintain a claim under 42 U.S.C. § 1983, a plaintiff must allege that each defendant had personal involvement in the alleged deprivation of his rights. Upon taking office, the Attorney General erected a conflict wall regarding the Flint water criminal and civil investigations with the Attorney General isolated from the criminal team. Does the Attorney General lack sufficient personal involvement in the conduct alleged in this case?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

<u>Authority</u>: *Imbler v. Pachtman*, 424 U.S. 409 (1976);
*United States v. Mulligan*, 520 F.2d 1327 (6th Cir. 1975);
*People v. Peeler*, 984 N.W.2d 80 (Mich. 2022);
*People v. Green*, 913 N.W.2d 385 (Mich. Ct. App. 2018);
42 U.S.C. § 1983.

## INTRODUCTION

In June 2022, the Michigan Supreme Court overturned over two decades of precedent in holding that Michigan's one-man grand jury provisions, Mich. Comp. Laws §§ 767.3 and 767.4, confer a right to a preliminary examination. *People v. Peeler*, 984 N.W.2d 80, 84 (Mich. 2022). Plaintiff Richard Baird, who was indicted through a one-man grand jury in January 2021 after 12 months of grand jury proceedings, relies on this decision in arguing that his indictment violated due process guarantees. His complaint, however, suffers two fatal flaws that require dismissal as to Defendant Attorney General Dana Nessel.

First, the Attorney General is entitled to both absolute prosecutorial immunity and qualified immunity. Caselaw squarely holds that the complaint's allegations—even if true—fall within the gambit of conduct for which prosecutors are afforded absolute immunity. And regardless, Baird fails to identify any federal right to a preliminary examination, let alone a clearly established one, that would overcome qualified immunity for his procedural due process claim.

Second, Baird cannot show that the Attorney General was personally involved in the alleged constitutional violation. From the

1

outset of the Attorney General's first term, she assigned an independent prosecution team, led by former-Michigan Solicitor General Fadwa Hammoud and Wayne County Prosecutor Kym Worthy, to handle the criminal cases related to the Flint water crisis.  The Attorney General, however, was screened from the prosecution team and led the Department of Attorney General's defense team for civil litigation related to the crisis.  The Attorney General was therefore isolated from any influence or decision-making over the criminal investigation. Accordingly, she was not personally involved for purposes of § 1983.

For these reasons, the complaint should be dismissed.

## STATEMENT OF FACTS

### Flint water background

This case arises from the "Flint Water crisis, the events of which are well known and have been well documented." *In re Flint Water Cases*, 53 F.4th 176, 184 (6th Cir. 2022).  Following the decision to switch "Flint's municipal water supply from the Detroit Water and Sewage Department to the Flint River, . . . severe problems emerged, including evidence of E. coli contamination in the water, a localized outbreak of Legionnaires' disease, and a dangerously high lead

2

poisoning rate in children." *Id.* Ultimately, "[w]ith a public-health disaster mounting, Flint reconnected to its original water sources in October 2015[,]" and "[b]oth criminal and civil proceedings began shortly thereafter." *Id.*

"On the civil side, a host of litigants filed suit, alleging injury from Flint's contaminated drinking water." *Id.* And on the criminal side, "[i]n 2016, Michigan's then-Attorney General, Bill Schuette, appointed a Special Prosecutor for criminal investigations related to the Flint Water Crisis." *Id.* at 185. As it relates to Plaintiff Richard Baird—who served as "Special Adviser" to Governor Rick Snyder—he was not initially indicted on charges connected to the crisis during Attorney General Schuette's administration. (ECF No. 1, PageID.2, ¶ 10); *In re Flint Water Cases*, 53 F.4th at 185.

**Baird is indicted by a one-man grand jury in 2021.**

After taking office in January 2019, Attorney General Dana Nessel erected a conflict wall between those "represent[ing] state agencies and officials in civil lawsuits" related to Flint water and those

pursuing criminal cases related to Flint.  (01/14/2021 Press Release.)[1]
The Attorney General assigned her then-Solicitor General, Fadwa
Hammoud, as "lead on the criminal cases related to the Flint water
crisis."  (01/15/2019 Press Release.)[2]  Wayne County Prosecutor Kym
Worthy was also selected to aid Hammoud with the criminal
investigation.  (01/14/2021 Press Release.)[3]  Relevant here, the Attorney
General "assigned herself to the civil litigation, isolating herself from
any prior knowledge of or influence over the criminal investigation, as
Hammoud and Worthy operated independently to review evidence of
criminal wrongdoing."  (01/14/2021 Press Release.)

---

[1] Mich. Dep't of Attorney General, *AG Nessel Issues Statement Following Announcement by SG Hammoud Flint Criminal Investigation Team* (Jan. 14, 2021), https://www.michigan.gov/ag/news/press-releases/2021/01/14/ag-nessel-issues-statement-following-announcement-by-sg-hammoud-flint-criminal-investigation-team.

[2] Mich. Dep't of Attorney General, *New Solicitor General Hammoud to Lead Flint Criminal Cases* (Jan. 15, 2019), https://www.michigan.gov/ag/news/press-releases/2019/01/15/new-solicitor-general-hammoud-to-lead-flint-criminal-cases.

[3] Mich. Dep't of Attorney General, *Nine Indicated on Criminal Charges in Flint Water Crisis Investigation* (Jan. 14, 2021), https://www.michigan.gov/ag/news/press-releases/2021/01/14/nine-indicted-on-criminal-charges-in-flint-water-crisis-investigation.

Six months later, the Flint Water Prosecution Team "dismissed without prejudice all pending criminal cases brought by" the Department during Mr. Schuette's administration.  (06/13/2019 Press Release.)[4]  Then, "[i]n December 2019, the Attorney General's office," through the Flint Water Prosecution Team, "requested the appointment of a one-man grand jury" as permitted by Mich. Comp. Laws §§ 767.4 and 767.4—statutes in effect since 1917.  *People v. Peeler*, 984 N.W.2d 80, 82, 83 (Mich. 2022).  As the Michigan Supreme Court recounted in *Peeler*, "[i]n January 2021, [Genessee County Circuit Judge David] Newblatt issued [an] indictment[ ] against . . . Baird, and the cases were then assigned to Genesee Circuit Judge Elizabeth Kelly."  *Id.*  Consistent with then valid caselaw, no preliminary examination was held.  (ECF No. 1, PageID.4, ¶ 23.)

Baird subsequently "moved to remand [his] case[ ] for a preliminary examination, but the trial court denied the motion, holding that 'indictees have no right to [a] preliminary examination.' "  *Peeler*,

---

[4] Michigan Dep't of Attorney General, *Flint Water Prosecution Team Expands Investigation Based on New Evidence, Dismisses Cases Brought by Former Special Counsel* (June 13, 2019), https://www.michigan.gov/ag/news/press-releases/2019/06/13/flint-water-prosecution-team-expands-investigation-based-on-new-evidence.

984 N.W.2d at 82.  The Michigan Court of Appeals denied leave to appeal, finding a lack of merit.  *Id.*  Given the conflict wall, the Attorney General was not involved in the decision to use a one-man grand jury.

**The Michigan Supreme Court holds that a defendant charged by a one-man grand jury is entitled to a preliminary examination.**

Ultimately, the Michigan Supreme Court granted leave to appeal the issue of "whether a defendant charged with a felony after a proceeding conducted pursuant to Mich. Comp. Laws § 767.3 and Mich. Comp. Laws § 767.4 is entitled to a preliminary examination." *Peeler*, 984 N.W.2d at 82.  The Court answered in the affirmative on June 28, 2022.  *Id.* at 84.  In doing so, the court relied on the language of the statutory provisions as well as "historical practice." *Id.* at 84–85. However, it also overruled previous case law, including *People v. Green*, 913 N.W.2d 385 (Mich. Ct. App. 2018), which held that there was no statutory right to a preliminary examination for those charged under the one-man grand jury provisions.  *Peeler*, 984 N.W.2d at 85 ("We overrule *Green*.").  Given the court's "statutory holding," it did not address constitutional arguments, such as whether Mich. Comp. Laws §

767.4 "violates separation of powers and due process."  *Id.* at 88

(citations omitted).

Despite attempts to remand the case for a preliminary

examination by the Flint Water Prosecution Team, the felony charges

against Baird were dismissed by the circuit court.  (09/20/2023 Press

Release.)[5]  And on October 31, 2023, "the Flint Water Prosecution Team

issued a press release" announcing, among other things, the end of the

criminal prosecutions.  (ECF No. 1, PageID.7, ¶ 41.)

## Baird's Complaint

On May 6, 2024, Baird filed suit against the Attorney General,

Hammoud, and Worthy in their individual capacities.  (*Id.*, PageID.2, 8,

¶¶ 6–9, 48.)  The complaint contains one count, which alleges that

Defendants "deprived Baird of his due process rights under the Fifth

and Fourteenth Amendments of the United States Constitution."  (*Id.*,

PageID.8, ¶ 48.)  Baird's procedural due process claim stems from the

---

[5] Michigan Dep't of Attorney General, *Flint Water Prosecution Team Response to Michigan Supreme Court's Decision on the Felony Flint Water Crisis Charges* (Sept. 20, 2023), https://www.michigan.gov/ag/news/press-releases/2023/09/20/flint-water-prosecution-team-response-to-michigan-supreme-court-decision-on-the-felony-charges.

Flint Water Prosecution Team's decision to utilize Michigan's one-man grand jury provisions. (*Id.*, ¶ 48(a).) In particular, Baird asserts that the failure to provide him with a preliminary examination in connection with those provisions violated his constitutional rights. (*Id.*, ¶ 48(A)– (L).) He requests damages and attorneys' fees, including attorneys' fees expended "to defend himself in the criminal proceedings." (*Id.*, PageID.10.)

## STANDARD OF REVIEW

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the court "must accept all well-pleaded factual allegations as true and construe the complaint in the light most favorable to the plaintiff[ ]." *Mattera v. Baffert*, 100 F.4th 734, 739 (6th Cir. 2024) (citation omitted). However, "[t]o survive dismissal, the complaint must contain sufficient facts, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A court may dismiss a complaint if an affirmative defense, such as absolute prosecutorial immunity or qualified immunity, "appears on its face." *Jones v. Bock*, 549 U.S. 199, 215 (2007). *See also Siefert v. Hamilton Cnty.*, 951 F.3d 753, 762 (6th Cir. 2020).

# ARGUMENT

**I.    Baird's procedural due process claim against the Attorney General is barred by absolute prosecutorial immunity and qualified immunity.**

The one-count complaint alleges that the Attorney General, along with Hammoud and Worthy, violated Baird's procedural due process rights by failing to provide him with a preliminary examination.  (ECF No. 1, PageID.3–4, 7, ¶¶ 20–23, 43.)  Two immunity doctrines, however, bar Baird's claim.  First, even assuming the Attorney General was involved in Baird's indictment (she was not), she maintains absolute prosecutorial immunity for the allegations in the complaint.  Second, because Baird cannot show a violation of federal law, let alone a violation of clearly established federal law, the Attorney General is also entitled to qualified immunity.  Dismissal is warranted.

**A.    The Attorney General is entitled to absolute prosecutorial immunity.**

It is well-settled that "prosecutors are absolutely immune from liability under § 1983 for their conduct insofar as that conduct is intimately associated with the judicial phase of the criminal process." *Cady v. Arenac Cnty.*, 574 U.S. 334, 340 (6th Cir. 2009) (quoting *Burns v. Reed*, 500 U.S. 478, 490–91 (1991) (cleaned up)).  In other words, a

9

prosecutor is protected "in connection with his duties in functioning as a prosecutor." *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002). This immunity applies regardless of whether the prosecutor acted wrongfully or maliciously. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976) (prosecutor immune after knowingly presenting perjured testimony and suppressing exculpatory evidence at trial); *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (prosecutor immune for conspiring to present false charges to the grand jury, allegedly to satisfy a campaign promise to be tough on child abuse).

Baird contends that the Attorney General violated his due process rights by utilizing Michigan's one-man grand jury procedure—as opposed to "the traditional processes of a criminal complaint and a preliminary examination"—as well as other actions related to that decision.  (ECF No. 1, PageID.8, ¶ 48(A)–(C).)  For example, Baird alleges that the Attorney General violated his due process rights by "[i]nsisting that Judge David J. Newblatt consider evidence in secret[,]" "[d]enying Baird the opportunity to challenge the evidence against him[,]" "[f]ailing or refusing to provide exculpatory evidence" and "required discovery[,]" "[s]eeking and obtaining an indictment after the

10

statutory time for the judicial injury process had expired" and "obtaining 2, 6-month extensions of the judicial inquiry[,]" and "refusing to strictly comply with the judicial inquiry statutory provisions[.]"  (*Id.*, PageID.9, ¶ 48(C)–(K).)  But even if the Attorney General had been involved in this conduct, it would have been "in connection with [her] duties as a prosecutor."  *Higgason*, 288 F.3d at 877.

Indeed, courts have found that the decision to initiate a case is at the heart of a prosecutor's judicial role.  *Imbler*, 424 U.S. at 427–28, 431; *see also Burns v. Reed*, 500 U.S. 478, 491 (1991) (same); *Malley v. Briggs,* 475 U.S. 335, 343 (1986) ("[T]he prosecutor's act in seeking an indictment is but the first step in the process of seeking a conviction," for which courts shield the prosecutor because "any lesser immunity could impair the performance of a central actor in the judicial process."). So, too, is a prosecutor's decision to "seek an arrest warrant[,]" *Ireland v. Tunis*, 113 F.3d 1435, 1446 (6th Cir. 1997), and present charges to a grand jury, *Buckle v. Fitzsimmons*, 509 U.S. 259, 273 (1993).  Absolute immunity also bars claims stemming from the alleged "non-disclosure of material exculpatory evidence" and other actions related to discovery. *Koubriti v. Convertino*, 593 F.3d 459, 470 (6th Cir. 2010); *Lanier v.*

*Bryant*, 332 F.3d 999, 1005 (6th Cir. 2003).  And it protects prosecutors

from allegations arising from their appearances at hearings, *Spurlock v.*

*Thompson*, 330 F.3d 791, 797 (2003), and their presentation of evidence

at pre-trial and trial proceedings, *id.*

Even taking the allegations in the complaint as true, they fall

squarely within the sphere of conduct protected by absolute

prosecutorial immunity.  For this reason, the complaint should be

dismissed with prejudice.

### B.    The Attorney General is entitled to qualified immunity.

Even if prosecutorial immunity does not bar Baird's claims, the

Attorney General would nonetheless be entitled to qualified immunity

for his due process claim.

A government official is entitled to qualified immunity brought

pursuant to § 1983 unless (1) the official "violated a federal statutory or

constitutional right," and (2) "the unlawfulness of their conduct was

'clearly established at the time.' "  *District of Columbia v. Wesby*, 583

U.S. 48, 62–63 (2018) (quoting *Reichle v. Howards*, 566 U.S. 658, 664

(2012)).  As to the latter requirement, a government official's conduct

violates "clearly established" law when, at the time of the alleged conduct, the "contours of [the] right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (citation omitted) (cleaned up).

When it comes to defining the contours of a constitutional right, courts avoid defining clearly established law "at a high level of generality." *Id.* at 742. Although a case does not need to be "directly on point[,] . . . existing precedent must have placed the statutory or constitutional question beyond debate." *Id.* at 741. In other words, "[b]road legal platitudes are . . . 'of little help in determining whether' a specific prohibition 'is clearly established.'" *Barnett v. Smithwick*, 835 F. App'x 31, 36 (6th Cir. 2020) (quoting *al-Kidd*, 563 U.S. at 742).

Baird contends that he was denied procedural due process under the Fifth and Fourteenth Amendments because he did not receive a preliminary examination. (ECF No. 1, PageID.3–4, ¶¶ 20–23.) This argument fails at step one of the qualified immunity analysis. The Sixth Circuit has held that there is no federal right to a preliminary examination. *United States v. Mulligan*, 520 F.2d 1327, 1329 (6th Cir.

13

1975) ("There is no constitutional requirement for . . . [a] preliminary examination.") (citations omitted); *Lemanski v. Borgert,* No. 94-1259, 1994 WL 687401, at *2 (6th Cir. Dec. 8, 1994) (citing *Gerstein v. Pugh,* 420 U.S. 103, 125 n. 26 (1975) (the federal Constitution does not require a judicial determination of probable cause as a prerequisite to prosecution)).  Nor does the Michigan Constitution guarantee such a right.  *People v. Hall*, 460 N.W.2d 520, 522 (Mich. 1990) ("[T]he preliminary examination is not a procedure that is constitutionally based.").[6]  Thus, all Baird is left with is his argument that the Attorney General violated Mich. Comp. Laws §§ 767.3 and 767.4, which the Michigan Supreme Court recently held entitled him to a preliminary examination.  (ECF No. 1, PageID.6, ¶ 33, quoting *People v. Peeler*, 984 N.W.2d 80 (Mich. 2022).)  But this a question of state law, and mere allegations of state law are insufficient to state a claim under § 1983.  *See Huron Valley Hosp. Inc. v. Pontiac*, 887 F.2d 710, 714 (6th Cir.

---

[6] Nor does Baird have a federal constitutional right to challenge the reliability or competence of the evidence supporting a grand jury's finding of probable cause.  *Kaley v. United States*, 571 U.S. 320, 328 (2014) ("The grand jury gets to say—without any review, oversight, or second-guessing—whether probable cause exists to think that a person committed a crime.").

1989) (explaining that § 1983 "does not cover official conduct that allegedly violates state law"). Thus, because Baird cannot show a violation of *federal* statutory or constitutional right, his claim must be dismissed.

Even if *Baird* could base his § 1983 claim on a violation of state law, he cannot demonstrate that the right to a preliminary examination was clearly established at the time of the alleged conduct. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (explaining that courts must look to the legal rules that were "clearly established" at the time the conduct occurred). Baird was indicted through a one-man grand jury in January 2021. (ECF No. 1, PageID.3, ¶ 16.) On March 12, 2021, he requested a remand for a preliminary examination, (*id.*, ¶ 17), which was opposed by the Flint Water Prosecution Team and denied by the circuit court on June 16, 2021, (*id.*, ¶ 19). Only in June 2022—over one year *after* the Flint Water Prosecution Team utilized the one-man grand jury procedure—did the Michigan Supreme Court hold that Mich. Comp. Laws §§ 767.3 and 767.4 "provide[ ] a right to a preliminary

examination."[7]  *Peeler*, 984 N.W.2d at 84.  In doing so, the Court

overruled *People v. Green*, 913 N.W.2d 385, 391 (Mich. Ct. App. 2018),

in which the Michigan Court of Appeals had held that a preliminary

examination was *not* required when using a one-man grand jury.

*Peeler*, 984 N.W.2d at 85 ("We overrule *Green*.").  Even before *Green*,

Michigan courts had held that there was no right to a preliminary

examination for grand jury indictees.  *See People v. Glass*, 627 N.W.2d

261, 270 (Mich. 2001) ("We overrule [*People v.*] *Duncan*, insofar as it

afforded indictees the right to a preliminary examination."); *People v.*

*McGee*, 672 N.W.2d 191, 199 (Mich. Ct. App. 2003) ("Where a criminal

prosecution is initiated by the filing of an information rather than by

indictment, the accused has a statutory right to a preliminary

examination.") (citations omitted).  Thus, at the time the Flint Water

Prosecution Team utilized the one-man grand jury procedure, the law

was not clearly established that Baird was entitled to a preliminary

examination.  Caselaw *supported* the Team's actions.

---

[7] The Michigan Supreme Court did not "address . . . [any] constitutional
arguments that MCL 767.4 violates separation of powers and due
process."  *Peeler*, 984 N.W.2d at 88 (citations omitted).

Another point bears emphasis.  Regardless of the timing of the violation of Mich. Comp. Laws §§ 767.3 and 767.4, "[o]fficials sued for constitutional violations do not lose their qualified immunity merely because their conduct violates some [state] statutory or administrative provision." *Davis v. Scherer*, 468 U.S. 183, 194 (1984).  Rather, "[a] violation of clearly established state law can only surmount qualified immunity if it embodies the federal right that is the basis of the § 1983 action." *Harrill v. Blount Cnty.*, 55 F.3d 1123, 1126 (6th Cir. 1995) (citations omitted).  Because Mich. Comp. Laws §§ 767.3 and 767.4 do not set forth a federal right actionable under § 1983, those provisions cannot be used to destroy the Attorney General's qualified immunity.

Baird cannot show a violation of a federal statutory or constitutional right, and, even if he could, there was no clearly established right to a preliminary examination when Baird was indicted in 2021.  Consequently, the Attorney General is entitled to qualified immunity.

17

**II.   Even if the Attorney General is not immune from suit, she was not personally involved in the alleged conduct.**

An alternative basis exists for dismissal of Baird's claim against the Attorney General.  Even if she is not immune from his claim, Baird cannot show that she was personally involved in their alleged conduct as required by § 1983.

To state a claim under § 1983, a plaintiff must plead two elements: "(1) a deprivation of a right secured by the Constitution or law of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citation omitted).  To plead the second element sufficiently, a plaintiff must allege that each defendant had "personal involvement" in the deprivation of his rights.  *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted).  Claims premised on a theory of *respondeat superior* are insufficient.  *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005); *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (explaining that the "liability of supervisory personnel must be based on more than the right to control employees") (citation omitted).

Baird's complaint provides little with respect to the Attorney General. He asserts that, "[a]t all relevant times, . . . [she] was the Attorney General for the State of Michigan." (ECF No. 1, PageID.2, ¶ 6.) He also maintains that she was a "member[ ] of the so-called Flint Water Prosecution Team," (*id.*, ¶ 9), and that she "attempt[ed] to criminally prosecute Baird as part of the 'Second Wave' of criminal prosecutions related to the Flint Water Crisis," (*id.*, PageID.3, ¶ 11.) All but the first allegation are false.

Within weeks of taking office in 2019, the Attorney General erected a conflict wall related to Flint water. Numerous Department press releases confirm this fact.[8] For example, a 2021 press release provides the following history:

> In late 2018, Attorney General Dana Nessel was elected and upon taking office in 2019, she made decisions to put a conflict wall in place to ensure the criminal investigation and civil litigation following the Flint Water Crisis were conducted by completely separate teams. Nessel decided to

---

[8] The Attorney General requests that this Court take judicial notice of these press releases under Fed. R. Evid. 201. *Ferguson v. United States*, 592 F. Supp. 3d 614, 615 n.1 (E.D. Mich. 2022) ("Public records and government documents are subject to judicial notice.") (citations omitted). *See also Overall v. Ascension*, 23 F. Supp. 3d 816, 824–25 (E.D. Mich. 2014) ("The Court may take judicial notice of public documents and government documents because their sources 'cannot be reasonably questioned.' ") (quoting Fed. R. Evid. 201(b)).

> lead the civil litigation team. The [Office of Special
> Counsel] – which proved to be an unnecessary cost to
> taxpayers – was no longer needed, and Hammoud and
> Worthy were tapped to lead the criminal investigation.
> [01/14/2021 Press Release.][9]

Other press releases confirm that the Flint Water Prosecution Team

operated independently from the Attorney General.  Another January

14, 2021 release, issued by the Attorney General in response to the

Flint Water Prosecution Team's earlier announcement, explained that

"a conflict wall was established to allow both civil and criminal teams to

perform their jobs independently of each other and without jeopardizing

ethical obligations by isolating information to each side."  (01/14/2021

Press Release.)[10]  Indeed, the Attorney General had already explained

that "[b]ecause Fadwa and Kym are on the criminal side and I am on

---

[9] Mich. Dep't of Attorney General, *Nine Indicted on Criminal Charges in Flint Water Crisis Investigation* (Jan. 14, 2021), https://www. michigan.gov/ag/news/press-releases/2021/01/14/nine-indicted-on-criminal-charges-in-flint-water-crisis-investigation.

[10] Mich. Dep't of Attorney General, *AG Nessel Issues Statement Following Announcement by SG Hammoud Flint Criminal Investigation Team* (Jan. 14, 2021), https://www.michigan.gov/ ag/news/press-releases/2021/01/14/ag-nessel-issues-statement-following-announcement-by-sg-hammoud-flint-criminal-investigation-team.

the civil side, they do not report to me and they cannot be overseen by the Attorney General."[11]

Given the Attorney General's isolation from the Flint Water Prosecution Team, she was not personally involved in the underlying allegations for purposes of § 1983. Thus, to the extent the Attorney General does not have immunity from suit as set forth in Part I.(A)–(B), this Court should nevertheless dismiss her from this suit.

## CONCLUSION AND RELIEF REQUESTED

The Attorney General is entitled to absolute prosecutorial and qualified immunity, and she was not sufficiently involved in the underlying allegations. For these reasons, she requests that this Court dismiss this action with prejudice.

---

[11] Mich. Dep't of Attorney General, *Nessel Issues Statement Ahead of Flint Criminal Prosecution Team's Community Conversation in Flint* (June 28, 2019), https://www.michigan.gov/ag/news/press-releases/2019/06/28/nessel-issues-statement-ahead-of-flint-criminal-prosecution-teams-community-conversation-in-flint.

Respectfully submitted,

*/s/ Kyla L. Barranco*
Assistant Solicitor General
Attorney for Attorney General
Dana Nessel
Solicitor General Division
P.O. Box 30212
Lansing, Michigan 48909
517.335.7628
barrancok@michigan.gov
P81082

Dated:  June 27, 2024

## CERTIFICATE OF SERVICE (E-FILE)

I hereby certify that on June 27, 2024, I electronically filed the

above document(s) with the Clerk of the Court using the ECF System,

which will provide electronic copies to counsel of record.

*/s/ Kyla L. Barranco*
Assistant Solicitor General
Attorney for Attorney General
Dana Nessel
Solicitor General Division
P.O. Box 30212
Lansing, Michigan 48909
517.335.7628
barrancok@michigan.gov
P81082