UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD L. BAIRD,

      Plaintiff,

v

DANA M. NESSEL, FADWA A.
HAMMOUD, and KYM L.
WORTHY,

      Defendants.

No. 2:24-cv-11205

HON. ROBERT J. WHITE

MAG. KIMBERLY G. ALTMAN

**ORAL ARGUMENT
REQUESTED**

_____/

**DEFENDANT ATTORNEY GENERAL DANA NESSEL'S
RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE
FIRST AMENDED COMPLAINT**

Kyla L. Barranco (P81082)
Assistant Solicitor General

Mark E. Donnelly (P39281)
Special Assistant Attorney
General

Attorneys for Defendant Nessel
Mich. Dep't of Attorney General
P.O. Box 30212
Lansing, Michigan 48909
517.335.7628
barrancok@michigan.gov
donnellym@michigan.gov

Dated:  August 12, 2024

# TABLE OF CONTENTS

Page

Table of Contents .........................................................................................i

Index of Authorities................................................................................ iii

Concise Statement of Issue Presented.......................................vi

Controlling or Most Appropriate Authority............................................vi

Statement Regarding Concurrence.........................................................vii

Statement of Facts ....................................................................................1

    Baird files suit. ...................................................................................1

    Baird's attempt to amend his complaint ........................................2

Standard of Review ...................................................................................3

Argument....................................................................................................4

I.    This Court should deny the motion for leave to file an
    amended complaint because it is futile. .........................................4

    A.    Absolute prosecutorial immunity and qualified
        immunity will bar all of Baird's proposed claims..................4

        1.    Baird's claims are premised upon conduct that
            the Attorney General allegedly took in her role as
            an advocate for the State and are thus barred by
            absolute prosecutorial immunity.....................................5

        2.    Baird's claims are also barred by qualified
            immunity. .......................................................................9

    B.    The Attorney General was not personally involved for
        purposes of § 1983 in the Flint Water criminal cases..........14

Conclusion and Relief Requested............................................................18

i

Certificate of Service (e-file)......................................................................19

Brief Format Certification Form.............................................................20

# INDEX OF AUTHORITIES

Page

## Cases

*Ahmed v. Sch. Dist. of City of Hamtramck*, No. 2:22-cv-11127,
   2024 WL 1287608 (E.D. Mich. Mar. 25, 2024)......................................3

*Albright v. Oliver*, 510 U.S. 266 (1994)............................................10, 11

*Becker v. Kroll*, 494 F.3d 904 (10th Cir. 2007).......................................12

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ....................................3

*Bellamy v. Bradley*, 729 F.2d 416 (6th Cir. 1984) ..................................14

*Buckley v. Fitzsimmons*, 509 U.S. 259 (1993).......................................5, 6

*D'Ambrosio v. Marino*, 747 F.3d 378 (6th Cir. 2014)..............................15

*Dillard v. Bomar*, 342 F.2d 789 (6th Cir. 1965) ....................................13

*District of Columbia v. Wesby*, 583 U.S. 48 (2018) ..................................9

*Foman v. Davis*, 371 U.S. 178 (1962)....................................................v, 3

*Gerstein v. Pugh*, 420 U.S. 103 (1975) ..................................................13

*Grinter v. Knight*, 532 F.3d 567 (6th Cir. 2008) ....................................14

*Hicks v. Oklahoma*, 447 U.S. 343 (1980) ...............................................12

*Howell v. Sanders*, 668 F.3d 344 (6th Cir. 2012)......................................5

*Huron Valley Hosp., Inc. v. Pontiac*, 887 F.2d 710 (6th Cir. 1989). .......13

*Imbler v. Pachtman*, 424 U.S. 409 (1976) .................................................5

*Ireland v. Tunis*, 113 F.3d 1435 (6th Cir. 1999) ...............................6, 7, 8

*Jackson v. Michigan*, No. 22-cv-13150, 2024 WL 1080552 (E.D.
   Mich. Mar. 12, 2024) ..............................................................................10

*King v. Montgomery Cnty.*, 797 F. App'x 949 (6th Cir. 2020).................10

*Lester v. Roberts*, 986 F.3d 599 (6th Cir. 2021) ........................................9

*Malley v. Briggs*, 475 U.S. 335 (1986)..................................................7, 8

*Manuel v. City of Joliet*, 580 U.S. 357 (2017) ........................................11

*Marcilis v. Twp. of Redford*, 693 F.3d 589 (6th Cir. 2012)....................15

*Miller v. Calhoun Cnty.*, 408 F.3d 803 (6th Cir. 2005)...........................14

*People v. Green*, 913 N.W.2d 385 (Mich. Ct. App. 2018).........................14

*People v. Hall*, 460 N.W.2d 520 (Mich. 1990) ........................................13

*People v. Peeler*, 984 N.W.2d 80 (Mich. 2022)..................................12, 14

*Prince v. Hicks*, 198 F.3d 607 (6th Cir. 1999) ..........................................6

*Radvanksky v. City of Olmsted Falls*, 395 F.3d 291 (6th Cir. 2005)......11

*Redmond v. Worthinton*, 878 F. Supp. 2d 822 (E.D. Mich. 2012) ..........13

*Reichle v. Howards*, 566 U.S. 658 (2012) .................................................9

*Skatemore, Inc. v. Whitmer*, 40 F.4th 727 (6th Cir. 2022)........................3

*Spurlock v. Thompson*, 330 F.3d 791 (6th Cir. 2003) ...............................5

*Stanley v. W. Mich. Univ.*, 105 F.4th 856 (6th Cir. 2024) ...................v, 3

## Statutes

42 U.S.C. § 1983 ...................................................................................v, 2

Mich. Comp. Laws § 767.3 .............................................................1, 8, 13

Mich. Comp. Laws § 767.4 ..............................................................1, 13

## Rules

Fed. R. Civ. P. 12(b)(6) .................................................................*passim*

Fed. R. Civ. P. 15(a)(2) .......................................................................v, 3

iv

Mich. Ct. R. 6.102(A) ................................................................................. 12

Mich. Ct. R. 6.102(F) ................................................................................. 12

Mich. Ct. R. 6.106 ..................................................................................... 12

Mich. Ct. R. 6.106(A) ................................................................................ 12

## CONCISE STATEMENT OF ISSUE PRESENTED

1. A motion for leave to amend a complaint may be denied where the amendment would be futile because it could not withstand a 12(b)(6) motion.  The proposed first amended complaint, like the original complaint, is barred by absolute prosecutorial immunity and qualified immunity and fails to state a claim under 42 U.S.C. § 1983 because the Attorney General was not personally involved in the alleged conduct. Should this Court deny Baird's motion for leave to file a first amended complaint?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Authority*: Fed. R. Civ. P. 15(a)(2);
*Foman v. Davis*, 371 U.S. 178 (1962);
*Stanley v. W. Mich. Univ.*, 105 F.4th 856 (6th Cir. 2024).

## STATEMENT REGARDING CONCURRENCE

Pursuant to Local Rule 7.1(a), on August 13, 2024, counsel for Plaintiff Richard Baird sought concurrence in the filing of his motion for leave to file a first amended complaint from counsel for Defendant Attorney General.  The Attorney General did not concur.

## STATEMENT OF FACTS

**Baird files suit.**

In May 2024, Plaintiff Richard Baird filed suit against Defendants

Attorney General Dana Nessel, Fadwa Hammoud, and Kym Worthy in

their individual capacities.  He alleges that Defendants violated his

procedural due process rights by "attempt[ing] to criminally prosecute

[him] as part of the 'Second Wave' of criminal prosecutions related to

the Flint Water Crisis."  (Compl, ECF No. 1, PageID.3, ¶ 11.)  Relying

on the due process clauses of the Fifth and Fourteenth Amendments,

Baird argues that because "[n]o preliminary examination was held"

following the use of Michigan's one-man grand jury statutes, Mich.

Comp. Laws §§ 767.3 and 767.4, his constitutional rights were violated,

(ECF No. 1, PageID.4, 8, ¶¶ 23, 48).

The Attorney General filed a motion to dismiss Baird's complaint

under Fed. R. Civ. P. 12(b)(6).  (AG Mot, ECF No. 20.)  The brief in

support of the motion sets forth three bases on which dismissal is

warranted:  (1) the Attorney General is entitled to absolute

prosecutorial immunity for all conduct alleged in the complaint; (2) the

Attorney General has qualified immunity because Baird failed to allege

a viable constitutional violation of clearly established law; and (3) even if the Attorney General is not immune from suit, she was not sufficiently personally involved for purposes of 42 U.S.C. § 1983 in the conduct alleged in the complaint.  (ECF No. 20, PageID.82–94.)

Hammoud and Worthy separately filed a motion to dismiss, making similar arguments.  (Hammoud/Worthy Mot., ECF No. 21.)

On August 22, 2024, Baird moved to amend his complaint.  (Mot for Leave to File 1ˢᵗ Am Compl, ECF No. 25.)  The same day, he filed a response in opposition to the Attorney General's and Hammoud and Worthy's motions to dismiss.  (Resp to AG, ECF No. 26; Resp to Hammoud/Worthy, ECF No. 27.)

**Baird's attempt to amend his complaint**

Baird's proposed first amended complaint would add a claim against all Defendants that they violated the Fourth Amendment (unreasonable search and seizure) based upon the same predicate facts.  (ECF No. 25, PageID.131; ECF No. 25-1, PageID.146, 152–53, ¶¶ 28, 54.)  Specifically, Baird alleges that because "[n]o preliminary examination was held," Defendants violated his Fourth Amendment rights.  (ECF No. 25-1, PageID.146–47, ¶¶ 28, 29.)

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 15(a)(2), leave to amend shall be "freely give[n] . . . when justice so requires."  Under certain circumstances, however, justice counsels against amendment, "such as . . . futility of amendment . . . ."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "An amendment is futile 'when, after including the proposed changes, the complaint still could not withstand a Rule 12(b)(6) motion to dismiss.' " *Stanley v. W. Mich. Univ.*, 105 F.4th 856, 867 (6th Cir. 2024) (quoting *Skatemore, Inc. v. Whitmer*, 40 F.4th 727, 737–38 (6th Cir. 2022)).  For this reason, courts "assess[ ] futility under the same standard applied to a 12(b)(6) motion to dismiss."  *Ahmed v. Sch. Dist. of City of Hamtramck*, No. 2:22-cv-11127, 2024 WL 1287608, at *3 (E.D. Mich. Mar. 25, 2024) (citation omitted).

Under this standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  While a complaint does not need detailed factual allegations, it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.*

3

## ARGUMENT

**I.     This Court should deny the motion for leave to file an amended complaint because it is futile.**

Baird seeks to amend his complaint to add a Fourth Amendment violation (unreasonable search and seizure).  (ECF No. 25, PageID.131, ¶ 5, explaining that "[t]he only substantive change is adding a Fourth Amendment 'unreasonable search and seizure' claim.")  This amendment, however, would be futile because, like the due process claim set forth in Baird's original complaint, his Fourth Amendment claim cannot withstand a 12(b)(6) motion.  He cannot overcome absolute prosecutorial immunity or qualified immunity, and he has not sufficiently alleged that the Attorney General was personally involved in the underlying allegations.

**A.     Absolute prosecutorial immunity and qualified immunity will bar all of Baird's proposed claims.**

As explained in the Attorney General's motion to dismiss, both absolute prosecutorial immunity and qualified immunity bar any claims arising from her alleged involvement in the one-man grand jury proceedings.  (*See* ECF No. 20, PageID.82–90.)  Given that Baird's proposed Fourth Amendment claim has the same factual underpinnings

4

as his due process claim, the proposed claim would also be barred by these immunity doctrines.

      **1.**    **Baird's claims are premised upon conduct that the Attorney General allegedly took in her role as an advocate for the State and are thus barred by absolute prosecutorial immunity.**

Like his original complaint, Baird's proposed first amended complaint alleges that his constitutional rights were violated when he was denied a preliminary examination.  (ECF No. 25-1, PageID.146, ¶ 27.)  But it is well understood that a prosecutor is "absolutely immune from civil liability when acting within the scope of their prosecutorial duties."  *Howell v. Sanders*, 668 F.3d 344, 349 (6th Cir. 2012) (citing *Imbler v. Pachtman*, 424 U.S. 409 (1976)).  In determining whether this immunity applies, "the critical inquiry is how closely related is the prosecutor's challenged activity to his *role as an advocate* intimately associated with the judicial phase of the criminal process."  *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir. 2003) (citation omitted).

In *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993), for example, the Supreme Court focused on the distinction between a prosecutor's "investigative" and "judicial" acts:

> A prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity. *We have not retreated, however, from the principle that acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity.* Those acts must include the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before a grand jury after a decision to seek an indictment has been made.  [Emphasis added.]

And while the *Buckley* Court ultimately held that absolute immunity did not apply before the prosecutor had probable cause to have anyone arrested, *id.* at 274, the dividing line "between conduct that is part of a preliminary investigation and conduct that is intimately associated with the judicial phase of a criminal proceeding . . . is *not* the point of determination of probable cause"—"it is the point at which the prosecutor performs functions that are intimately associated with the judicial phase of the criminal process," *Prince v. Hicks*, 198 F.3d 607, 612 (6th Cir. 1999).

The Sixth Circuit further clarified this point in *Ireland v. Tunis*, 113 F.3d 1435, 1145 (6th Cir. 1999), when explaining that "[i]nvestigative acts undertaken in direct preparation of judicial

6

proceedings, including the professional evaluation of evidence, warrant absolute immunity, whereas other acts, such as the preliminary gathering of evidence that may ripen into a prosecution, are too attenuated to the judicial process to afford absolute protection." Acts afforded immunity include "a prosecutor's decision to file a criminal complaint and seek an arrest warrant and the presentation of these materials to a judicial officer." *Id.* at 1445. "In this role, a prosecutor is unquestionably functioning as an advocate for the state in the judicial process . . . ." *Id.* at 1446. The Sixth Circuit thus held that "[p]resenting the charging documents to a judicial officer and procuring an arrest warrant must be considered part of the formal process of initiating a prosecution and securing the presence of the accused at trial." *Id.* at 1446–47 (citation omitted); *see also Malley v. Briggs*, 475 U.S. 335, 343 (1986) ("[T]he prosecutor's act in seeking an indictment is but the first step in the process of seeking a conviction," for which we shield the prosecutor because "any lesser immunity could impair the performance of a central actor in the judicial process.").

The claims in the proposed first amended complaint fail for the same reasons that the *Ireland* plaintiff's claims failed. In filing an

application for the appointment of a one-man grand jury, (*see* Order for Appointment of One-Person Grand Jury, ECF No. 26-5, PageID.242–45), Solicitor General Hammoud sought an indictment—i.e., "the first step in the process of seeking a conviction," *Malley*, 475 U.S. at 343. The Genessee County Circuit Court, being persuaded that there was "probable cause to suspect that a[ ] crime . . . ha[d] been committed[,] . . . order[ed] . . . that an inquiry be made into the matters relating to such [application] . . . ." Mich. Comp. Laws § 767.3. The Flint Prosecution Team then presented evidence to the one-man grand jury (i.e., "[t]he appointed judge"—Judge David Newblatt) (ECF No. 26-5, PageID.244, ¶ 4(b)), and, ultimately, Judge Newblatt issued a felony indictment against Baird as well as an arrest warrant finding probable cause. (Ex. A, Grand Jury Felony Indictment; Ex. B, Authorization for Arrest.) Baird was arraigned six days later. (Ex. C, Arraignment Tr.) As the Sixth Circuit held in *Ireland*, "presenting charging documents to a judicial officer and procuring an arrest warrant *must* be considered part of the formal process of initiating a prosecution and securing the presence of the accused at trial." 113 F.3d at 1446–47 (citation omitted) (emphasis added). Thus, regardless of whether Baird's claims are

brought under the Fourth, Fifth, or Fourteenth Amendments, they are
barred by absolute prosecutorial immunity.

### 2.    Baird's claims are also barred by qualified immunity.

Even if the Attorney General was not entitled to absolute
immunity, she would nonetheless be entitled to qualified immunity for
Baird's existing and proposed claims.

A government official is entitled to qualified immunity unless (1)
the official "violated a federal statutory or constitutional right," and (2)
"the unlawfulness of their conduct was 'clearly established at the
time.'" *District of Columbia v. Wesby*, 583 U.S. 48, 62–63 (2018)
(quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)).  Baird's
proposed amended complaint fails on both prongs and is thus futile.

### a.    Baird cannot show a violation of his constitutional rights.

Beginning with Baird's proposed Fourth Amendment claim, he
has not pleaded a viable claim for relief.  To state a Fourth Amendment
claim, a plaintiff must show that he has been seized without probable
cause.  *Lester v. Roberts*, 986 F.3d 599, 607 (6th Cir. 2021).  But

*nowhere* in the proposed first amended complaint does Baird allege that he was arrested, detained, or forced to give up his passport without probable cause.[1]  Rather, he merely alleges that he was not given a "preliminary examination" or "probable cause hearing."  (ECF No. 25-1, PageID.146–47, ¶¶ 27–29.)  For this reason alone, Baird's Fourth Amendment claim would not survive a 12(b)(6) motion.  *Jackson v. Michigan*, No. 22-cv-13150, 2024 WL 1080552, at *2 (E.D. Mich. Mar. 12, 2024) (rejecting a Fourth Amendment claim where the complaint only "generally discusses Fourth Amendment law" but "does not allege facts suggesting the search and seizure lacked probable cause").

Baird's reliance on *Albright v. Oliver* (*see* ECF No. 25, PageID.138) does not change this outcome.  510 U.S. 266, 269–71 (1994).  *Albright* involved a claim that the defendant (a police officer) "infringed his substantive due process right to be free of prosecution without probable

---

[1] Notably, at Baird's arraignment, which he references in his proposed complaint, his attorney noted that "we certainly would be willing to surrender [Baird's] passport."  (Ex. C, 5:19–23.)  This calls into question any "seizure" he alleges occurred.  *King v. Montgomery Cnty.*, 797 F. App'x 949, 956 (6th Cir. 2020) ("Property voluntarily surrendered or abandoned is not 'seized' within the meaning of the Fourth Amendment . . . .").  So, too, did Baird "surrender[ ] himself voluntarily for booking."  (ECF No. 25-1, PageID.144–45, ¶ 19.)

cause." *Id.* at 271. The Court rejected the claim, reasoning that "it is the Fourth Amendment, and not substantive due process, under which petitioner Albright's claim must be judged." *Id.* The Court did not, however, "express [any] view as to whether petitioner's claim would succeed under the Fourth Amendment[.]" *Id.* at 275. In other words, while *Albright* stands for the unremarkable premise that a plaintiff *may* bring a Fourth Amendment claim, it does nothing to show that Baird's Fourth Amendment claim would be viable.

What is more, Baird's attempt to add a Fourth Amendment claim is a tacit admission that his existing due process claim is without merit. *Albright* itself recognizes that "[t]he Framers considered the matter of pretrial deprivations of liberty and drafted the Fourth Amendment to address it." 510 U.S. at 274. In other words, "it is the Fourth Amendment"—not due process guarantees— "which establishes procedural protections in this part of the criminal justice area." *Radvanksky v. City of Olmsted Falls*, 395 F.3d 291, 313 (6th Cir. 2005); *Manuel v. City of Joliet*, 580 U.S. 357 (2017) ("This Court decided some four decades ago that a claim challenging pretrial detention fell within the scope of the Fourth Amendment."); *Becker v. Kroll*, 494 F.3d 904

11

(10th Cir. 2007) ("We are not aware . . . of any other circuit that has extended Fourteenth Amendment procedural due process guarantees to pre-trial deprivations of liberty.").  Given that the complained-of restrictions on Baird's liberty occurred *pretrial* (indeed, a trial never took place), Baird cannot maintain a due process claim.  And for this same reason, Baird's reliance (ECF No. 25, PageID.138) on *Hicks v. Oklahoma*, 447 U.S. 343 (1980)—which involved the deprivation of liberty *at sentencing* as opposed to pretrial—is misplaced.

Finally, regardless of whether this is analyzed under the Fourth or Fourteenth Amendment, had Baird's criminal prosecution proceeded under the traditional method, Mich. Ct. R. 6.102(A); Mich. Ct. R. 6.106(A), Baird's liberty would have been restricted in the same way. For example, the Michigan Court Rules authorize the issuing court to determine the form of release following arrest, if any.  Mich. Ct. R. 6.102(F); *see also* Mich. Ct. R. 6.106(A) (pretrial release).  In other words, Baird's liberty would have been restrained prior to him receiving a preliminary examination in the normal course.  And, ultimately, Baird was never subjected to trial.  *See People v. Peeler*, 984 N.W.2d 80, 82 (Mich. 2022) (explaining that after Baird's motion for remand for a

12

preliminary examination was denied, he appealed).  Baird therefore fails to account for how his due process rights were unconstitutionally restrained through his arrest and conditional pretrial release.

Baird has not alleged viable constitutional claims.  This Court should deny his motion.

> **b.    There is no clearly established federal right to a preliminary examination.**

Even if Baird could establish a constitutional violation arising from the denial of a preliminary examination, there is no clearly established federal right to such an examination.  *Redmond v. Worthinton*, 878 F. Supp. 2d 822, 844 (E.D. Mich. 2012) ("[T]here is no federal constitutional right to a preliminary examination.") (citing *Gerstein v. Pugh*, 420 U.S. 103, 123, 125 n.26 (1975) and *Dillard v. Bomar*, 342 F.2d 789, 790 (6th Cir. 1965).  Nor does the Michigan Constitution guarantee such a right.  *People v. Hall*, 460 N.W.2d 520, 522 (Mich. 1990).  And to the extent Baird relies on Mich. Comp. Laws §§ 767.3 and 767.4 in showing a clearly established right, alleged violations of state law are insufficient to state a claim under § 1983.  *Huron Valley Hosp., Inc. v. Pontiac*, 887 F.2d 710, 714 (6th Cir. 1989).

13

And, in any event, at the time Baird was indicted by the one-man grand jury in 2021, Michigan caselaw provided that a preliminary examination was not required when utilizing the one-man grand jury provisions. *People v. Green*, 913 N.W.2d 385, 391 (Mich. Ct. App. 2018); *see also Peeler*, 984 N.W.2d at 85 ("We overrule *Green*."). Baird thus cannot overcome the second prong of the qualified immunity analysis.

**B.    The Attorney General was not personally involved for purposes of § 1983 in the Flint Water criminal cases.**

Baird's proposed amended complaint fails for an additional reason: the Attorney General was not personally involved in the Flint Criminal Prosecution Team. *See Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (explaining that a plaintiff must allege that each defendant had "personal involvement" in the deprivation of rights) (citation omitted). Claims premised on a theory of *respondeat superior* are insufficient. *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005); *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (explaining that the "liability of supervisory personnel must be based on more than the right to control employees") (citation omitted).

14

Even disregarding the conflict wall erected by the Department of Attorney General creating separate criminal and civil teams for the Flint Water cases,[2] nowhere in the proposed amended complaint does Baird allege a non-conclusory allegation showing that the Attorney General had any involvement with his prosecution.  The *only* allegation specific to the Attorney General is as follows:

> At all relevant times, Dana M. Nessel was the Attorney General for the State of Michigan pursuant to Const. 1963, art. 5, § 3, and relevant statutes, such as MCL 14.28. She was involved in the Plaintiff's criminal case and the other criminal cases associated with the City of Flint Water Crisis. [ECF No. 25-1, PageID.142–43, ¶ 6.]

Baird does not allege anything more to show how the Attorney General was personally involved in his criminal case, and this Court need not accept "conclusory allegations or legal conclusions masquerading as factual allegations." *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014) (quoting *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 275–76 (6th Cir. 2010)); *Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012) (stating that, "[a]bsent vicarious liability, each Government

---

[2] This conflict wall, which was widely reported in the media, identified the Attorney General as the lead of the civil cases concerning the Flint Water crisis.

official, his or her title notwithstanding, is only liable for his or her own misconduct").

Nor do the documents referenced in the complaint show that the Attorney General was involved in his case.  For example, the Order of Appointment, (ECF No. 25-1, PageID.144, ¶ 15), references "[t]he *Solicitor General's* request for the assignment of a judge of this Court to sit as a one-person grand jury[,]" (ECF No. 26-5, PageID.242) (emphasis added).  In other words, it was the Solicitor General who filed an application for the appointment of a one-man jury.  The order then explained that "[t]he appointed judge may: . . . request the *Solicitor General* . . . , or her designees, to examine witnesses in the presence of the grand jury, and advise the grand jury on legal matters, . . . or, alternatively, entertain a request from the *Solicitor General* . . . for her, or her designees, to appear before the grand jury to offer information regarding any matter cognizable by the grand jury[.]"  (*Id.*, PageID. 243–44) (emphases added).

In summary, Baird cannot rely on conclusory allegations to bring the Attorney General into this case.  She did not advocate for, appear before, or submit evidence to the one-person grand jury, she did not

issue his arrest warrant, she did not argue for or impose the conditions on his post-arrest release, and she did not argue that Baird was not entitled to a preliminary examination.  Simply put, the Attorney General was not personally involved.  Because Baird has not made (and cannot plausibly make) any non-conclusory allegations to the contrary, his proposed claims against the Attorney General are futile.

## CONCLUSION AND RELIEF REQUESTED

Baird's proposed first amended complaint is futile because it would not survive a motion filed under Fed. R. Civ. P. 12(b)(6).  For this reason, this Court should deny Baird's motion for leave file a first amended complaint.  Further, given the identical standards by which this Court reviews Baird's motion and the Attorney General's pending motion to dismiss, to the extent this Court holds a hearing on these motions, the Attorney General requests that they be consolidated for efficiency.

Respectfully submitted,

*/s/ Kyla L. Barranco*
Kyla L. Barranco (P81082)
Assistant Solicitor General

Mark E. Donnelly (P39281)
Special Assistant Attorney General

Attorneys for Defendant Nessel
Mich. Dep't of Attorney General
P.O. Box 30212
Lansing, Michigan 48909
517.335.7628
barrancok@michigan.gov
Dated:  September 12, 2024          donnellym@michigan.gov

**CERTIFICATE OF SERVICE (E-FILE)**

I hereby certify that on September 12, 2024, I electronically filed the

above document(s) with the Clerk of the Court using the ECF System,

which will provide electronic copies to counsel of record.

*/s/Kyla L. Barranco*
Kyla L. Barranco (P81082)
Assistant Solicitor General
Attorney for Defendant Nessel
Mich. Dep't of Attorney General
P.O. Box 30212
Lansing, Michigan 48909
517.335.7628
barrancok@michigan.gov

19

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RICHARD L. BAIRD, | |
| Plaintiff, | Case No. 2:24-cv-11205 |
| v. | Honorable Robert J. White |
| DANA M. NESSEL, FADWA A. HAMMOUD, AND KYM WORTHY, | |
| Defendants. | |

**BRIEF FORMAT CERTIFICATION FORM**

I, Kyla L. Barranco, certify that the foregoing brief complies with Eastern District of Michigan Local Rules 5.1(a), 5.1.1, and 7.1, and Judge White's Case Management Requirements, including the following (click each box to indicate compliance):

☒ the brief contains a statement regarding concurrence, *see* LR 7.1(a);

☒ the brief, including footnotes, uses 14-point font, *see* LR 5.1(a)(3);

☒ the brief contains minimal footnotes and, in all events, no more than 10, *see* Case Management Requirements § III.A;

☒ the brief and all exhibits are filed in searchable PDF format, *see* Case Management Requirements § III.A;

☒ except for footnotes and necessary block quotes, the brief is double spaced (not "Exactly 28 pt" spaced) with one-inch margins, *see* LR 5.1(a)(2);

☒ deposition transcripts have been produced in their entirety (not in minuscript), *see* Case Management Requirements § III.A;

☒ if the brief and exhibits total 50 pages or more, I will mail to chambers a courtesy copy with ECF headers, *see* Case Management Requirements § III.B.

20

I also acknowledge that my brief will be stricken from the docket if the Court later finds that these requirements are not met.


/s/ Kyla L. Barranco
Kyla L. Barranco
Attorney for Defendant Attorney General Dana Nessel