UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD BAIRD,

    Plaintiff,

v.

DANA NESSEL, et al.,

    Defendants.

Case No. 24-11205

Honorable Robert J. White

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND DENYING DEFENDANTS' MOTIONS TO DISMISS AS MOOT AND WITHOUT PREJUDICE FOR RENEWAL**

On May 6, 2024, Plaintiff Richard Baird filed suit against Michigan Attorney General Dana Nessel, former Michigan Solicitor General Fadwa Hammoud, and Wayne County Prosecutor Kym Worthy after facing now-dismissed criminal charges over his alleged role in the Flint Water Crisis. *See* ECF No. 1. The thrust of his complaint is that Defendants deprived him of due process under the Fifth and Fourteenth Amendments to the United States Constitution while investigating and prosecuting these charges. *See id.*, PageID.8-9. Plaintiff claims to have suffered damages as the result of Defendants' actions, including emotional distress, around $800,000 in attorney fees, and reputational damage. *Id.*, PageID.9-10.

I. **Background and legal standards**

Instead of answering Plaintiff's complaint, Defendants moved to dismiss it under Federal Rule of Civil Procedure 12(b)(6). *See* ECF Nos. 20, 21. Generally, to survive these motions Plaintiff's complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" create a "reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Defendants argue that they are entitled to dismissal on the grounds of prosecutorial and qualified immunity. *See* ECF Nos. 20, 21.

Plaintiff could have amended his complaint in response to these motions "as a matter of course" within 21 days after Defendants filed them. Fed. R. Civ. P. 15(a)(1)(B). But he declined to do so. Instead, he stipulated to extend his deadline to oppose Defendants' motions and then, on the same day he filed his opposition briefs, moved for leave to amend his complaint. *See* ECF Nos. 22, 25, 25-1 (proposed first amended complaint), 26, 27. This slots his amendment request under Federal Rule of Civil Procedure 15(a)(2). That provision "encourages [the Court] to give leave to amend when justice so requires" while also affording the Court discretion to deny leave "when doing so would be futile"—*i.e.*, if the "proposed amendment would not survive a motion to dismiss." *SFS Check, LLC v. First Bank*

*of Delaware*, 774 F.3d 351, 355 (6th Cir. 2014) (cleaned up) (citing Fed. R. Civ. P. 15(a)(2)).  All Defendants urge the Court to deny leave on this ground.  *See* ECF Nos. 29, 30.  And Hammoud and Worthy also argue that leave should be denied because the proposed complaint runs afoul of Federal Rule of Civil Procedure 10(b). *See* ECF No. 30, PageID.585-587.  Plaintiff had a chance to rebut these contentions with a reply brief, but he did not file one.  On November 14, 2024, the Court held oral argument on the outstanding motions.

Futility serves as a basis, not a mandate, to deny leave to amend.  *See Doe v. Michigan State Univ.*, 989 F.3d 418, 427 (6th Cir. 2021) ("a request *may* be denied if it would be futile" (emphasis added)); *see also Aladdin Temp-Rite, LLC v. Carlisle FoodService Prod., Inc.*, No. 13-0650, 2014 WL 12774872, at *2 (M.D. Tenn. June 16, 2014) ("even if a claim may be futile, the Court is not required to disallow the amendment" (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Bucciarelli v. Nationwide Mut. Ins. Co.*, 662 F. Supp. 2d 809, 814 (E.D. Mich. 2009) ("futility is a permissible basis for denying a motion to amend the complaint," not a mandatory one).  And it is generally understood that "pleading[s] should be accepted" when, as here, any supposed noncompliance with Federal Rule of Civil Procedure 10 does not appear to have prejudice[d] or "interfere[d] with [the opposing parties'] ability to understand the claims."  *Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005).

3

So, there are "a variety of ways in which" the Court may proceed here, *Conforti v. Sunbelt Rentals, Inc.*, 201 F. Supp. 3d 278, 291 (E.D.N.Y. 2016)—each one "committed to the … [C]ourt's sound discretion." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986). One option is to apply Defendants' motions to the parts of Plaintiff's "tendered amended complaint" "that are substantially identical to [his] original complaint," and then carefully read and apply Defendants' briefs opposing leave to amend as sort of supplementary motions to dismiss any changes or additions included in Plaintiff's proposed amendment. *Crawford v. Tilley*, 15 F.4th 752, 758-759 (6th Cir. 2021) (admonishing the district court for "rais[ing] and reject[ing] the qualified immunity argument that [a defendant] had made in response to the original complaint as though [the defendant] made" it against plaintiff's "tendered amended complaint"); *see, e.g.*, *Bucciarelli*, 662 F. Supp. 2d at 814 (considering "defendants' motion for judgment on the pleadings as a motion for judgment on the pleadings of the proposed first amended complaint").

Another option is to let Plaintiff file his "amended pleading[] without prejudice to [Defendants'] ability to file … appropriate motion[s] to dismiss under Fed. R. Civ. P. 12(b), which the [P]arties and the [C]ourt can then address under the procedures appropriate to [such] motions." *Kellogg Co. v. FPC Flexible Packaging Corp.*, No. 11-272, 2012 WL 769476, at *4 (W.D. Mich. Mar. 7, 2012). This is often "[t]he more orderly" of the two approaches. *Id.* That's because the Rule 12 motions,

4

if refiled, "are better presented" with "all of the allegations and [the] applicable legal standard[s]" neatly arranged, *Donahue v. Travelers Cos., Inc.*, No. 24-1141, 2024 WL 4534250, at *3 (N.D. Ohio Oct. 21, 2024), instead of having the "[t]he parties' arguments for and against dismissal of the claims in the [proposed amended] complaint crisscrossed and interspersed throughout the parties' opposition and reply briefs addressing Defendants' motion[s] to dismiss" and "Plaintiff's [m]otion [for leave] to [a]mend." *Cleveland Commc'ns, Inc. v. Lorain Cnty. Bd. of Comm'rs*, No. 23-1561, 2024 WL 3878308, at *3 (N.D. Ohio Aug. 20, 2024).

There is no question here that the "substantial[] revis[ions]" and "new allegations" Plaintiff included in his proposed amended complaint, *see, e.g.*, ECF No. 25-1, PageID.143, ¶¶ 10-11, 20, 27, 29, 54B, 54M, and discussed at the November 14, 2024 hearing, if accepted, would change the scope of this case. *Crawford*, 15 F.4th at 759.  And in deciding which option to take, the Court must keep in mind "the thrust of Rule 15," which "is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings," *Moore*, 790 F.2d at 559 (citation omitted)—especially in cases, like this one, that implicate matters of such serious public concern that "justice so requires" that leave be "freely give[n]," if at all appropriate.  Fed. R. Civ. P. 15(a)(2); *see generally Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (cleaned up) ("the case law in this Circuit manifests liberality in allowing amendments to a complaint").

5

## II. Analysis

Given these considerations, with an abundance of caution, and out of a desire for a "more orderly" presentation of the Parties' allegations and arguments, *Kellogg Co.*, 2012 WL 769476, at *4, the Court will grant Plaintiff's motion for leave to amend his complaint. In doing so, the Court will accept Plaintiff's proposed amendment as the First Amended Complaint in the case and deny Defendants' motions to dismiss as moot and without prejudice for renewal. *See Crawford*, 15 F.4th at 759. After Plaintiff files the amended pleading on the docket, he will have a window of time to file a Second Amended Complaint if he so chooses. By the Court's count, this will be Plaintiff's third opportunity to amend his complaint in this case. *See* Fed. R. Civ. P. 15(a)(1), (2). So, absent extraordinary circumstances, he will not receive leave to amend his complaint again. *See* 6 Wright & Miller, Fed. Prac. & Proc. § 1487 (3d ed.) ("if the court determines that plaintiff has had multiple opportunities to state a claim but has failed to do so, leave to amend may be denied"). When Plaintiff's window closes, Defendants can respond to whichever complaint is the operative one in the case.

For the above reasons, IT IS ORDERED that Plaintiff's motion for leave to amend the complaint (ECF No. 25) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's proposed amended complaint (ECF No. 25-1) is ACCEPTED as the operative complaint in this case. Plaintiff shall file it on the docket as the First Amended Complaint within **3 days** of this order.

IT IS FURTHER ORDERED that Defendants' motions to dismiss (ECF Nos. 20, 21) are DENIED AS MOOT and without prejudice for renewal.

IT IS FURTHER ORDERED that Plaintiff is granted leave to file a Second Amended Complaint within **21 days** of this Order, and Defendants may respond to it in accordance with the Local Rules and the Federal Rules of Civil Procedure. If Plaintiff does not timely file a Second Amended Complaint, Defendants may respond to the First Amended Complaint within **42 days** of this Order.

Dated: November 15, 2024　　　　　　　　s/Robert J. White　　　　　　　　
　　　　　　　　　　　　　　　　　　　　Robert J. White
　　　　　　　　　　　　　　　　　　　　United States District Judge