UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

***************************************************************

RICHARD L. BAIRD,

    Plaintiff,

v

DANA M. NESSEL, FADWA A. HAMMOUD, and KYM L. WORTHY,

    Defendants.

_____/

Case No.: 2:24-cv-11205-RJW-KGA

Judge: Robert J. White

Magistrate Judge: Kimberly G. Altman

ORAL ARGUMENT REQUESTED

42 USC 1983

## PLAINTIFF'S MOTION TO COMPEL RULE 26(f) CONFERENCE

    The Plaintiff, Richard L. Baird, through his attorneys, Michael B. Rizik, Jr., of Rizik & Rizik, Michael W. Edmunds of Gault Davison, PC, and Nancy A. Temple of Katten & Temple, LLP, respectfully moves this Honorable Court for an Order compelling Defendants to participate in a Rule 26(f) Conference. In support of this Motion, Plaintiff states as follows:

    1. Pursuant to Federal Rule of Civil Procedure 26(f), parties are required to confer as soon as practicable and in any event at least twenty-one (21) days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b).

    2. The purpose of the Rule 26(f) Conference is to discuss the nature and basis of the claims and defenses, the possibilities for promptly settling or resolving the case,

to make or arrange for the disclosures required by Rule 26(a)(1), and to develop a proposed discovery plan.

3. Despite Plaintiff's repeated attempts to schedule the Rule 26(f) Conference, Defendants have refused to participate. (**Exhibit 1, Email Correspondence**)

4. The failure to hold a Rule 26(f) Conference is impeding the progress of this case and prejudicing Plaintiff's ability to prepare for trial.

5. The Court has the authority to compel the parties to participate in a Rule 26(f) conference to ensure compliance with the Federal Rules of Civil Procedure and to facilitate the orderly progress of this case.

6. Pursuant to Local Rule 7.1(a), Plaintiff certifies that on December 19, 2024, beginning at 9:00 a.m., the parties convened in a Zoom meeting to discuss the Defendants' concurrence with this Motion. Attorneys for all parties appeared. After about 20 minutes of debate, the Defendants declined to concur.

**WHEREFORE,** the Plaintiff, Richard L. Baird, respectfully requests that this Honorable Court grant his Motion to Compel a Rule 26(f) Conference and enter an Order compelling Defendants to participate in a Rule 26(f) Conference within five (5) business days of the Court's Order, along with all other relief the Court deems just, fair, and appropriate.

Respectfully Submitted By:

**_/s/ Michael B. Rizik, Jr._**
Michael B. Rizik, Jr. (P33431)
RIZIK & RIZIK
Attorney for Plaintiff
9400 S. Saginaw St., Ste. E
Grand Blanc, MI 48439
Phone: (810) 953-6000
Cell: (810) 610-2673
Email: lawyers@riziklaw.com


**_/s/ Michael W. Edmunds_**
Michael W. Edmunds (P55748)
Gault Davison, PC
Co-Counsel for Plaintiff
8305 S. Saginaw St., Ste. 8
Grand Blanc, MI 48439
Phone: (810) 234-3633
Email: medmunds@gaultdavison.com


**_/s/ Nancy A. Temple_**
Nancy A. Temple (P6205448)
Katten & Temple, LLP
Co-Counsel for Plaintiff
209 S. LaSalle St., Ste. 950
Chicago, IL 60604
Phone: (312) 663-0800
Email: ntemple@kattentemple.com

Dated: December 23, 2024

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

RICHARD L. BAIRD,

    Plaintiff,

v

DANA M. NESSEL, FADWA A. HAMMOUD, and KYM L. WORTHY,

    Defendants.
_____/

Case No.: 2:24-cv-11205-RJW-KGA

Judge: Robert J. White

Magistrate Judge: Kimberly G. Altman

**ORAL ARGUMENT REQUESTED**

**42 USC 1983**

### **BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL RULE 26(f) CONFERENCE**

Michael B. Rizik, Jr. (P33431)
RIZIK & RIZIK
Attorney for Plaintiff
9400 S. Saginaw St., Ste. E
Grand Blanc, MI 48439
Phone: (810) 953-6000
Cell: (810) 610-2673
Email: lawyers@riziklaw.com

Michael W. Edmunds (P55748)
Gault Davison, PC
Co-Counsel for Plaintiff
8305 S. Saginaw St., Ste. 8
Grand Blanc, MI 48439
Phone: (810) 234-3633
Email: medmunds@gaultdavison.com

Nancy A. Temple (P6205448)
Katten & Temple, LLP
Co-Counsel for Plaintiff
209 S. LaSalle St., Ste. 950

1

Chicago, IL 60604
Phone: (312) 663-0800
Email: ntemple@kattentemple.com

2

## TABLE OF CONTENTS

Page

Table of Contents ...................................................................................................i

Index of Authorities ……………………………………………………………..ii

Index of Exhibits ………………………………………………………………..iii

Concise Statement of Issues Presented ...................................................................iv

Controlling Or Most Appropriate Authority ...........................................................iv

Statement of Facts ....................................................................................................1

Standard of Review ..................................................................................................1

Argument ……………………………………………………………………..2

I.  The Defendants must be compelled to participate in a Rule 26(f)Conference ....2

Conclusion and Relief Requested ............................................................................7

Certificate of Service (E-Filing) ………………….……………………………..8

# INDEX OF AUTHORITIES

**Cases**                                                                                                   Page

*AFT Mich v. Project Veritas*, 294 F. Supp. 3d 693, 694 (E.D. Mich. 2018) ………….5

*Escareno ex rel. A.E. v. Lundbeck, LLC*, No. 3:14-CV-257-B, 2014 WL
      1976867(ND Tex, May 15, 2014) ……………………………………………5

*ING Bank, FSB v. Fazah,* 2009 WL 3824751, (E.D. Cal. Nov. 16, 2009) ………...….6

*K&L Trailer Leasing, Inc v. Fellhoelter*, 630 BR 81 (Bankr ED Tenn, 2021) …..3, 4

*Mich v. Project Veritas*, 294 F Supp 3d 693, 694 (ED Mich, 2018) …………………4

*Plastic Omnium Auto Inergy Indus SA de VC v. MCC Dev, Inc*, ___F Supp
      3d___; 2022 U.S. Dist. LEXIS 197977, at 1-2 (ED Mich, Jan. 5, 2022) ……..4

*United States v. Mandycz*, 200 FRD 353 (ED Mich, 2001) ……………....…….3, 4

**Rules**

Fed. R. Civ. P. Rule 12(b)(6) ………………………………………………………..1

Fed. R. Civ. P. 16(b)(1) ……………………………………………………………..2

Fed. R. Civ. P. 16(b)(2) ………………………………………………..…………2

Fed. R. Civ. P. 26(f) …………………………………………………………....1-7

Fed. R. Civ. P. 26(f)(1) ……………………………………………………...…….2

Fed. R. Civ. P. 37(a) ………………………………………………………………...6

Local Rule 7.1(d) …………………………………………………...……1, 6

USCS Fed. R. Civ. P. 26 …………………………………………………………….3

ii

## INDEX OF EXHIBITS

*Exhibit 1*          Email correspondence seeking concurrence

*Exhibit 2*          November 11, 2024, email from Grant Newman

## CONCISE STATEMENT OF ISSUES PRESENTED

1. Whether the Defendants must be compelled to participate in a Rule 26(f) Conference.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

1. AFT Mich v. Project Veritas, 294 F. Supp. 3d 693, 694 (E.D. Mich. 2018);

2. Plastic Omnium Auto Inergy Indus SA de VC v. MCC Dev, Inc., 2022 U.S. Dist. LEXIS 197977, at 1-2 (E.D. Mich, Jan. 5, 2022);

3. Fed. R. Civ. P. 26(f)(1).

## STATEMENT OF FACTS

The Plaintiff filed his initial Complaint on May 6, 2024. Pursuant to this Court's November 15, 2024 Order, Plaintiff filed his First Amended Complaint on November 18, 2024. According to that same Order, on December 6, 2024, Plaintiff filed his Second Amended Complaint. The Complaints seek damages under 42 U.S.C. §1983 for the Defendants' violations of Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments embodied in the United States Constitution.

Under Federal Rules of Civil Procedure 26(f), Plaintiff Richard L. Baird respectfully moves this Honorable Court to compel Defendants to participate in a Rule 26(f) conference within five (5) business days. The Plaintiff's good-faith efforts to resolve this issue have been unsuccessful, as certified in Paragraph 6 of the Motion, above, under Local Rule 7.1(a) and **Exhibit 1**. Case law demonstrates that Defendants' justifications for refusing to schedule a Rule 26(f) Conference are invalid. That is, a Rule 12(b)(6) Motions to Dismiss, which Defendants anticipate filing in response to the Second Amended Complaint, does not provide a valid reason to refuse to schedule a Rule 26(f) conference.

## STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure.

# ARGUMENT

## I. THE DEFENDANTS SHOULD BE COMPELLED TO PARTICIPATE IN A RULE 26(F) CONFERENCE.

Rule 26(f)'s language mandates that the Rule 26(f) Conference must occur early, even if a defendant's motion to dismiss is impending. Specifically, the conference must occur "as soon as practicable - and in any event, at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f)(1). Under Rule 16(b), a district or magistrate judge must issue a scheduling order, unless exempted by local rule, either after receiving the parties' Rule 26(f) report or consulting with attorneys and unrepresented parties. The order should be issued as soon as possible but no later than 90 days after a defendant is served or 60 days after a defendant appears unless there is good cause for delay. Fed. R. Civ. P. 16(b)(1) & (2); Fed. R. Civ. P. 26(f). The Rule mandates that the conference occur despite a pending motion to dismiss. *See* Fed. R. Civ. P. 26(f) advisory committee's note to 1993 amendment ("the rule provides that the meeting of the parties take place as soon as practicable and in any event at least 14 days before a scheduling conference is held or before a scheduling order is due under Rule 16(b)"). (Rule 16(b) requires that a scheduling order be entered within 90 days after the first appearance of a defendant or, if earlier, within 120 days after the complaint has been served on any defendant.) *The obligation to participate in the planning process is imposed on all parties that have appeared in the case, including defendants who,*

2

*because of a pending Rule 12 motion*, may not have yet filed an answer in the case. Each such party should attend the meeting, either through one of its attorneys or in person if unrepresented. (Fed. R. Civ. P. 26; emphasis supplied).

The purposes of the Rule 26(f) Conference are multifaceted and aim to streamline the litigation process and promote judicial efficiency. The conference requires the parties to meet and discuss the nature and basis of their claims and defenses, explore the possibilities for a prompt settlement or resolution of the case, and develop a proposed discovery plan. Rule 26(f)(2). United States v. Mandycz, 200 F.R.D. 353, __ (E.D. Mich. 2001); K&L Trailer Leasing, Inc v. Fellhoelter, 630 B.R. 81, __ (Bankr. E.D. Tenn. 2021). During the Rule 26(f) Conference, the parties must also arrange for the disclosures required by Rule 26(a)(1), discuss any issues about preserving discoverable information, particularly electronically stored information, and address any issues related to claims of privilege or protection as trial-preparation materials: Mandycz and Fellhoelter, both supra.

Case law reinforces that a pending Motion to Dismiss does not delay a Rule 26(f) Conference. In AFT Michigan v. Project Veritas, 294 F. Supp. 3d 693, 694 (E.D. Mich. 2018), the federal court said:

> "It is also well established that the filing of a motion to dismiss does not automatically warrant a stay of discovery. See, e.g., Wilson v. McDonald's Corp., No. 14-11082, 2015 U.S. Dist. LEXIS 192884, 2015 WL 13047572, at *3 (E.D. Mich. Apr. 28, 2015) ('Generally, the filing of a dispositive motion is insufficient to warrant a stay of discovery.'); Williams v. New Day Farms, LLC, No. 2:10-CV-0394,

3

2010 U.S. Dist. LEXIS 98934, 2010 WL 3522397, at *1 (S.D. Ohio Sept. 7, 2010) ("[O]ne argument that is usually deemed insufficient to support a stay of discovery is that a party intends to file, or has already filed, a motion to dismiss for failure to state a claim under Rule 12(b)(6)."). And while the defendants argued at the hearing that courts do [**3] sometimes enter stays when a motion to dismiss is pending, they have not attempted to demonstrate that a stay is appropriate in this case by filing a motion, and Judge Parker has not granted them a stay.

* * *

"The Court GRANTS plaintiff's motion to compel [ECF No. 48]; and ORDERS the parties to meet and confer pursuant to Rule 26(f) by March 14, 2018, and for discovery to commence thereafter."

Similarly, in Plastic Ominum Auto Inergy Indus SA de VC v. MCC Dev, Inc, 2022 U.S. Dist. LEXIS 197977, at *1-2 (ED Mich, Jan. 5, 2022):

"Defendant asserted that discovery is premature because the parties have not yet had a Federal Rule of Civil Procedure 26(f) conference, but defendant has refused to participate in that conference, citing its motion to dismiss. See ECF No. 25. Defendant's reliance on its motion to dismiss lacks merit; that motion did not automatically stay discovery or defendant's obligation to "in good faith [ ] agree to a discovery plan" "as soon as practicable." Rule 26(f); see also AFT Michigan v. Project Veritas, 294 F. Supp. 3d 693 (E.D. Mich. 2018) (rejecting defendants' argument that they need not participate in Rule 26(f) conference pending their motion for dismissal). [*2] And though defendant purported to "reserve the right to [later] interpose additional objections" to the discovery requests, ECF No. 25, PageID.212, any further grounds for objections would be untimely and are thus waived. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A) & (C); Fed. R. Civ. P. 36(a)(3); Drutis v. Rand McNally & Co., 236 F.R.D. 325, 337 (E.D. Ky. 2006).

"Defendant must fully answer plaintiff's discovery requests by February 4, 2022 and *must pay plaintiff 'reasonable expenses, including attorney's fees,' caused by defendant's failure 'to participate in good faith in developing and submitting a proposed discovery plan as required by Rule 26(f).'* Fed. R. Civ. P. 37(f). Plaintiff must file its bill of costs by January 10, 2022, defendants may respond by January

4

24, 2022, and plaintiff may reply by January 31, 2022. If defendant fails to comply with this order, the Court may order more sanctions under Rule 37(b)(2)(i)-(vii), including entry of a default judgment or an order of contempt." (Emphasis supplied)

In S.R. v. Kenton Cnty. Sheriff's Off., No. CV 15-143-WOB-JGW, 2015 WL 12977103, at *1-2 (E.D. Ky. Nov. 3, 2015), the court decided that the "mere existence of what defendants believe to be complete defenses to plaintiffs' claims does not mean that a Rule 26(f) conference should not be held…[O]ther courts have held that a Rule 26(f) conference is not automatically postponed due to the filing of a motion to dismiss."

Other Federal jurisdictions that have ruled similarly include the court in Escareno ex rel. A.E. v. Lundbeck, LLC, No. 3:14-CV-257-B, 2014 WL 1976867 (N.D. Tex., May 15, 2014). In that case "Plaintiffs filed a Motion to Compel Defendants to Participate in Rule 26(f) Conference [Dkt. No. 18]." (Id. at p 1).

> "Defendants took the position - and continue to take the position - that they should not be required to participate in a Rule 26 conference until after the Court's ruling on the Motion to Dismiss. See id. at 2; Dkt. No. 21.(Id. at p. 2)
> \* \* \*
> "And no federal rule, statute, or binding case law applies here to automatically stay discovery pending a ruling on Defendants' Motion to Dismiss. Filing a Rule 12(b)(6) motion to dismiss does not automatically stay discovery or require postponing a Rule 26(f) conference until the motion is resolved. See Glazer's Wholesale Drug Co., Inc. v. Klein Foods, Inc., No. 3:08-cv-774-L, 2008 U.S. Dist. LEXIS 56564, 2008 WL 2930482, at *1 (N.D. Tex. July 23, 2008).(Id. at p 5).
> \* \* \*

5

> "Plaintiffs' Motion to Compel Defendants to Participate in Rule 26(f) Conference [Dkt. No. 18] is GRANTED. Lead counsel for each party (or a designee attorney with appropriate authority) must meet face-to-face at a mutually agreeable location [*8] and hold a Rule 26(f) conference by May 29, 2014.(Id. at pp 7-8).

In ING Bank, FSB v. Fazah, 2009 WL 3824751, at *10 (E.D. Cal. Nov. 16, 2009), the federal court similarly granted the plaintiff's motion to compel a Rule 26(f) conference. In Melaleuca, Inc v. Hansen, 2014 WL 1343452, at *8 (D. Idaho Apr. 3, 2014), the court compelled a 26(f) conference while anticipating the plaintiff's amendment to the complaint.

If Defendants move to stay discovery, a fully informed resolution of that issue by the Court would depend on the outcome of the parties' Rule 26(f) conference. Otherwise, the Court could not know what Plaintiff's proposed discovery consists of, which Defendants seek to stay. The Court also would not understand, for example, the areas where the parties agree and disagree, including the possibility of phased, limited, or issue-focused discovery that may be discussed during the conference. Similarly, with any motion to stay discovery, Rule 37(a)(1) and Local Rule 7.1 require that Defendants detail their efforts to "confer [with Plaintiff] in a good-faith effort to resolve the dispute." *See* Fed. R. Civ. P. 37(a)(1). Also, see Local Rule 7.1. Conferring in good faith to resolve a dispute about starting discovery necessitates participation in the conference in compliance with Rule 26(f).

6

On November 11, 2024, this Court implied that a conference or discovery should be discussed. **(Exhibit 2)** In light of this, this Motion makes sense.

## CONCLUSION AND RELIEF REQUESTED

**WHEREFORE,** based on the above, the Plaintiff, Richard L. Baird, respectfully requests this Honorable Court grant his Motion to Compel a Rule 26(f) Conference and enter an Order compelling the Defendants to participate in a Rule 26(f) Telephonic Conference within five (5) business days.

Respectfully Submitted By:

***/s/ Michael B. Rizik, Jr.***
Michael B. Rizik, Jr. (P33431)
RIZIK & RIZIK
Attorney for Plaintiff
9400 S. Saginaw St., Ste. E
Grand Blanc, MI 48439
Phone: (810) 953-6000
Cell: (810) 610-2673
Email: lawyers@riziklaw.com


***/s/ Michael W. Edmunds***
Michael W. Edmunds (P55748)
Gault Davison, PC
Counsel for Plaintiff
8305 S. Saginaw St., Ste. 8
Grand Blanc, MI 48439
Phone: (810) 234-3633
Email: medmunds@gaultdavison.com

7

<table>
<tr><td>Dated: December 23, 2024</td><td>/s/ Nancy A. Temple<br>Nancy A. Temple (P6205448)<br>Katten & Temple, LLP<br>Co-Counsel for Plaintiff<br>209 S. LaSalle St., Ste. 950<br>Chicago, IL 60604<br>Phone: (312) 663-0800<br>Email: ntemple@kattentemple.com</td></tr>
</table>

### CERTIFICATE OF SERVICE (E-FILING)

I certify that on December 23, 2024, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to all counsel of record.

/s/ Michael B. Rizik, Jr.
Michael B. Rizik, Jr. (P33431)
RIZIK & RIZIK
Attorney for Plaintiff
9400 S. Saginaw St., Ste. E
Grand Blanc, MI 48439
Phone: (810) 953-6000
Cell: (810) 610-2673
Email: lawyers@riziklaw.com

8