UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISON

RICHARD L. BAIRD,

     Plaintiff,

v

DANA M. NESSEL, FADWA A.
HAMMOUD, and KYM L.
WORTHY,

     Defendants.

NO. 2:24-cv-11205

HON. ROBERT J. WHITE

MAG. JUDGE KIMBERLY G.
  ALTMAN

**DEFENDANTS' FADWA A.
HAMMOUD AND KYM L.
WORTHY'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED
COMPLAINT**

---

Michael B. Rizik Jr. (P33431)
Attorney for Plaintiff
Rizik & Rizik
9400 S. Saginaw St., Ste. E
Grand Blanc, MI 48439
 (810) 953-6000
lawyers@riziklaw.com
autumn@riziklaw.com

Michael W. Edmunds (P55748)
Attorney for Plaintiff
Gault Davison PC
8305 S. Saginaw St., Ste. 8
Grand Blanc, MI  48439
(810) 234-3633
medmunds@gaultdavison.com

Nancy A. Temple (IL-6205448)
Attorney for Plaintiff
Katten & Temple LLP
209 S. LaSalle St., Ste. 950
Chicago, IL  60604
(312) 663-0800
ntemple@kattentemple.com

Joshua S. Smith (P63349)
Kristin M. Southerland (P64353)
Assistant Attorneys General
Attorneys for Defendants
  Hammoud & Worthy
Michigan Dept. of Attorney General
Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
Smithj191@michigan.gov
southerlandk@michigan.gov

Kyla L. Barranco (P81082)
Assistant Solicitor General
Mark E. Donnelly (P39281)
Special Assistant Attorney General
Attorneys for Defendant Nessel
Michigan Dept. of Attorney General
P.O. Box 30212
Lansing, MI  48909
(517) 335-7628
barrancok@michigan.gov
donnellym@michigan.gov

## DEFENDANTS' FADWA A. HAMMOUD AND KYM L. WORTHY'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants Fadwa A. Hammoud and Kym L. Worthy, by and through counsel, move this Court to dismiss the claims against them with prejudice, as more fully stated below and in their supporting brief.

1.     Hammoud and Worthy are protected by absolute prosecutorial immunity for their conduct in prosecuting Plaintiff Richard L. Baird for his role in the Flint water crisis.

2.     Hammoud and Worthy are protected by qualified immunity for their conduct because they did not violate a constitutional right that was clearly established at the time.

3.     This case must be dismissed because it was brought after the expiration of the three-year limitations period.

4.     Because the second amended complaint fails to show the personal involvement of Hammoud and Worthy in the alleged constitutional violation, they should be dismissed from this case.

5.     Baird's civil conspiracy claim must be dismissed because his alleged constitutional violations fail, he has not made sufficiently specific conspiracy allegations, and his claim is barred by the intracorporate conspiracy doctrine.

6.    This Court may take judicial notice of press releases and other public records under Fed. R. Evid. 201. *Ferguson v. United States*, 592 F. Supp. 3d 614, 615 n.1 (E.D. Mich. 2022) ("Public records and government documents are subject to judicial notice.") (citations omitted). *See also Overall v. Ascension*, 23 F. Supp. 3d 816, 824–25 (E.D. Mich. 2014 ("The Court may take judicial notice of public documents and government documents because their sources 'cannot be reasonably questioned.' ") (quoting Fed. R. Evid. 201(b)). Such consideration does not transform a motion to dismiss into a motion for summary judgment. *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001); *U.S. ex rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 971 (W.D. Mich. 2003).

Pursuant to Local Rule 7.1(a), on January 3, 2025, counsel for all parties participated in a concurrence conference regarding the proposed motion to dismiss. Counsel for Hammoud and Worthy explained the basis for their motion to dismiss. Plaintiff's counsel indicated that they did not concur. Accordingly, Hammoud and Worthy now bring this motion.

Respectfully submitted,

*/s/ Joshua S. Smith*
Joshua S. Smith (P63349)
Assistant Attorney General
Michigan Dept. of Attorney General
Attorney for Defendants
  Hammoud & Worthy
Corrections Division
P.O. Box 30217
Lansing, MI 48909

(517) 335-3055
Smithj191@michigan.gov

Dated:  January 10, 2025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISON

RICHARD L. BAIRD,

     Plaintiff,

v

DANA M. NESSEL, FADWA A.
HAMMOUD, and KYM L.
WORTHY,

    Defendants.

NO. 2:24-cv-11205

HON. ROBERT J. WHITE

MAG. JUDGE KIMBERLY G.
  ALTMAN

**BRIEF IN SUPPORT OF
DEFENDANTS' FADWA A.
HAMMOUD AND KYM L.
WORTHY'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED
COMPLAINT**

---

Michael B. Rizik Jr. (P33431)
Attorney for Plaintiff
Rizik & Rizik
9400 S. Saginaw St., Ste. E
Grand Blanc, MI 48439
 (810) 953-6000
lawyers@riziklaw.com
autumn@riziklaw.com

Michael W. Edmunds (P55748)
Attorney for Plaintiff
Gault Davison PC
8305 S. Saginaw St., Ste. 8
Grand Blanc, MI  48439
(810) 234-3633
medmunds@gaultdavison.com

Nancy A. Temple (IL-6205448)
Attorney for Plaintiff
Katten & Temple LLP
209 S. LaSalle St., Ste. 950
Chicago, IL  60604
(312) 663-0800

Joshua S. Smith (P63349)
Kristin M. Southerland (P64353)
Assistant Attorneys General
Attorneys for Defendants
  Hammoud & Worthy
Michigan Dept. of Attorney General
Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
Smithj191@michigan.gov
southerlandk@michigan.gov

Kyla L. Barranco (P81082)
Assistant Solicitor General
Mark E. Donnelly (P39281)
Special Assistant Attorney General
Attorneys for Defendant Nessel
Michigan Dept. of Attorney General
P.O. Box 30212
Lansing, MI  48909
(517) 335-7628
 barrancok@michigan.gov

ntemple@kattentemple.com          donnellym@michigan.gov

**BRIEF IN SUPPORT OF DEFENDANTS' FADWA A. HAMMOUD AND KYM L. WORTHY'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Joshua S. Smith (P63349)
Assistant Attorney General
Michigan Dept. of Attorney General
Attorney for Defendants
  Hammoud & Worthy
Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
Smithj191@michigan.gov

Dated:  January 10, 2025

# TABLE OF CONTENTS

Page

Table of Contents ........................................................................................... i

Index of Authorities........................................................................................ ii

Concise Statement of Issues Presented ......................................................... v

Controlling or Most Appropriate Authority .................................................. vi

Introduction .................................................................................................... 1

Standard of Review ........................................................................................ 4

Argument......................................................................................................... 5

I.      Hammoud and Worthy are protected by absolute prosecutorial
        immunity.............................................................................................. 5

II.     Hammoud and Worthy are protected by qualified immunity because
        their conduct did not violate a constitutional right that was clearly
        established at the time of the alleged constitutional violations. ........ 10

        A.      Hammoud and Worthy did not violate a constitutional right. ............... 11

        B.      Hammoud and Worthy did not violate a clearly established
                constitutional right. .............................................................. 15

III.    The statute of limitations had expired by the time Baird filed suit against
        Hammoud and Worthy. ...................................................................... 17

IV.     The second amended complaint must be dismissed because it fails to
        show the personal involvement of Hammoud and Worthy in the alleged
        constitutional violations..................................................................... 19

V.      Baird's civil conspiracy claim must be dismissed because his alleged
        constitutional violations fail, he has not alleged conspiracy in sufficient
        detail to sustain the claim, and his claim is barred by the intracorporate
        conspiracy doctrine............................................................................. 21

Conclusion and Relief Relief Requested………………………………………..24

Certificate of Service………………………………………………………………25

i

## INDEX OF AUTHORITIES

**Cases** ............................................................................................................. **Page**

*Agema v. City of Allegan*, 826 F.3d 326 (6th Cir. 2016) ..........................................19

*Amini v. Oberlin College*, 259 F.3d 493 (6th Cir. 2001) ........................................14

*Anderson v. Creighton,* 483 U.S. 635 (1987) .............................................................16

*Ashcroft v. al-Kidd*, 563 U.S. 731 (2011) .......................................................... 10, 11

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................................4, 19

*Barnett v. Smithwick*, 835 F. App'x 31 (6th Cir. 2020) ...........................................11

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ...............................................4, 23

*Bell v. City of Southfield, Michigan*, 37 F.4th 362 (6th Cir. 2022) ........................11

*Bickerstaff v. Lucarelli*, 830 F.3d 388 (6th Cir. 2016) .............................................4

*Blick v. Ann Arbor Pub. Sch. Dist.*, 516 F. Supp. 3d 711 (E.D. Mich. 2021) . 21, 22, 23

*Boswell v. Mayer*, 169 F.3d 384 (6th Cir. 1999) ....................................................17

*Boxill v. O'Grady*, 935 F.3d 510 (6th Cir. 2019)......................................... 19, 21, 22

*Buchanan v. Metz*, 132 F. Supp. 3d 922 (E.D. Mich. 2015)....................................8

*Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) ................................................. 7, 8, 9

*Cady v. Arenac Cnty.*, 574 F.3d 334 (6th Cir. 2009)..................................................5

*Caldwell v. Moore*, 968 F.2d 595 (6th Cir. 1992) ..................................................15

*Cooey v. Strickland*, 479 F.3d 412 (6th Cir. 2007)........................................... 17, 18

*Crawford v. Tilley*, 15 F.4th 752 (6th Cir. 2021)................................................4, 11

*Crawford-El v. Britton*, 523 U.S. 574 (1998) ..........................................................11

*Davis v. Scherer*, 468 U.S. 183 (1984) ...................................................................17

*Dist. of Columbia v. Wesby*, 583 U.S. 48 (2018)............................................. 10, 15

*Gerstein v. Pugh,* 420 U.S. 103 (1975)....................................................................12

*Grant v. Hollenbach*, 870 F.2d 1135 (6th Cir. 1989) ...............................................5

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982) .............................................................15

*Higgason v. Stephens*, 288 F.3d 868 (6th Cir. 2002).............................................5, 6

*Huron Valley Hosp. Inc. v. Pontiac*, 887 F.2d 710 (6th Cir. 1989)........................14

*Imbler v. Pachtman*, 424 U.S. 409 (1976) ..............................................................5, 9

*Ireland v. Tunis*, 113 F.3d 1435 (6th Cir. 1997)................................................ 5, 7, 8

*Jackson v. City of Cleveland*, 925 F.3d 793 (6th Cir. 2019) ..................................23

*Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837 (6th Cir. 1994).......................23

*Johnson v. Moseley*, 790 F.3d 649 (6th Cir. 2015)...........................................19, 21

*Jones v. Bock*, 549 U.S. 199 (2007)..........................................................................4

*Kaley v. United States*, 571 U.S. 320 (2014) ..........................................................13

*Koontz v. Glossa*, 731 F.2d 365 (6th Cir. 1984) .....................................................13

*Koubriti v. Convertino*, 593 F.3d 459 (6th Cir. 2010)..........................................7, 9

*Kulwicki v. Dawson*, 969 F.2d 1454 (3d Cir. 1992) .................................................6

*Lanier v. Bryant*, 332 F.3d 999 (6th Cir. 2003) ...................................................7, 19

*Lemanski v. Borgert,* No. 94-1259, 1994 WL 687401 (6th Cir. Dec. 8, 1994).......12

*Lintz v. Skipski*, 25 F.3d 304 (6th Cir. 1994) ..........................................................16

*Malley v. Briggs,* 475 U.S. 335 (1986) ...................................................................6, 7

*Mattera v. Baffert*, 100 F.4th 734 (6th Cir. 2024) ....................................................4

*Mitchell v. Forsyth*, 472 U.S. 511 (1985) .................................................................4

*Moldowan v. City of Warren*, 578 F.3d 351 (6th Cir. 2009) ...................................21

*Murray v. Dep't of Corrections*, 29 F.4th 779 (6th Cir. 2022)................................15

*Myers v. City of Centerville, Ohio*, 41 F.4th 746 (6th Cir. 2022)............................11

iii

*People v. Glass*, 627 N.W.2d 261 (Mich. 2001)......................................................16

*People v. Green*, 913 N.W.2d 385 (Mich. App. 2018)......................... 9, 13, 15, 16

*People v. Hall*, 460 N.W.2d 520 (Mich. 1990)........................................................13

*People v. Peeler*, 984 N.W.2d 80 (Mich. 2022) ............................................ 3, 9, 16

*Ramsey v. Rivard*, 694 F. Supp. 3d 955 (E.D. Mich. 2023........................................8

*Reichle v. Howards*, 566 U.S. 658 (2012) .............................................................10

*Siegert v. Gilley*, 500 U.S. 226 (1991).....................................................................11

*Smith v. Taulton*, 587 F. Supp. 3d 607 (E.D. Mich. 2022), *aff'd*, No. 22-
    1218, 2023 WL 2563543 (6th Cir. Jan. 5, 2023) ................................................18

*Spurlock v. Thompson*, 330 F.3d 791 (6th Cir. 2003)................................................7

*United States v. Calandra*, 414 U.S. 338 (1974) ......................................................9

*United States v. Mulligan*, 520 F.2d 1327 (6th Cir. 1975) .....................................12

*Williams v. Haviland*, 467 F.3d 527 (6th Cir. 2006) ...............................................13

*Wilson v. Layne,* 526 U.S. 603 (1999)....................................................................16

**Statutes**

42 U.S.C. § 1983 .............................................................................................. passim

42 U.S.C. § 1985 ......................................................................................................23

MCL §§ 767.4 .................................................................................................. passim

Mich. Comp. Laws § 600.5805(2) ...........................................................................18

Mich. Comp. Laws §§ 767.3 ............................................................................ passim

Sherman Act, 15 U.S.C. § 1....................................................................................23

**Rules**

Fed. R. Civ. P. 12(b)(6)...........................................................................................2, 4

Fed. R. Civ. P. 8(a)(2)..............................................................................................19

## CONCISE STATEMENT OF ISSUES PRESENTED

1. Absolute immunity protects prosecutors acting within the scope of their duties in initiating and pursuing criminal prosecutions where their actions occurred within the judicial phase. Baird alleges conduct squarely tied to Hammoud's and Worthy's prosecutorial duties in the judicial phase while seeking an indictment. Are Hammoud and Worthy protected by absolute immunity?

2. Qualified immunity protects government officials unless they violated a clearly established federal right. Baird's allegations show that Hammoud and Worthy did not violate the Constitution and he fails to identify the violation of a clearly established federal right. Are Hammoud and Worthy protected by qualified immunity?

3. An action must be dismissed when it is not filed within the applicable limitations period. Section 1983 cases use the limitations period of the state in which the action arose, which in Michigan is three years. Hammoud and Worthy's allegedly unconstitutional actions occurred more than three years before Baird filed suit. Should this Court dismiss his claims against Hammoud and Worthy?

4. To sustain a § 1983 suit, a plaintiff must show the personal involvement of each individual defendant in a constitutional violation and cannot rely on conclusory or vague allegations. Baird's allegations against Hammoud and Worthy are vague, conclusory, and fail to show how they personally violated his constitutional rights. Should this Court dismiss Baird's claims against Hammoud and Worthy?

5. Civil conspiracy claims under § 1983 require an underlying violation of federal law, specific allegations against each defendant, and the alleged co-conspirators cannot work for the same entity. Baird fails to show an underlying constitutional violation, fails to make specific allegations against Hammoud and Worthy, and all of the alleged conspirators worked for the Flint Water Prosecution Team. Should this Court dismiss Baird's civil conspiracy claim?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

<u>*Authority*</u>:    *Higgason v. Stephens*, 288 F.3d 868 (6th Cir. 2002)

*Imbler v. Pachtman*, 424 U.S. 409 (1976)

*Ireland v. Tunis*, 113 F.3d 1435 (6th Cir. 1997)

*Malley v. Briggs,* 475 U.S. 335 (1986)

*Koubriti v. Convertino*, 593 F.3d 459 (6th Cir. 2010)

*Buckley v. Fitzsimmons*, 509 U.S. 259 (1993)

*Dist. of Columbia v. Wesby*, 583 U.S. 48 (2018)

*Crawford v. Tilley*, 15 F.4th 752 (6th Cir. 2021)

*United States v. Mulligan*, 520 F.2d 1327 (6th Cir. 1975)

*Gerstein v. Pugh,* 420 U.S. 103 (1975)

*Huron Valley Hosp. Inc. v. Pontiac*, 887 F.2d 710 (6th Cir. 1989)

*Davis v. Scherer*, 468 U.S. 183 (1984)

*Cooey v. Strickland*, 479 F.3d 412 (6th Cir. 2007)

*Boxill v. O'Grady*, 935 F.3d 510 (6th Cir. 2019)

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

*Johnson v. Moseley*, 790 F.3d 649 (6th Cir. 2015)

*Blick v. Ann Arbor Pub. Sch. Dist.*, 105 F.4th 868 (6th Cir. 2024)

## INTRODUCTION

Having failed on his first two swings at bat, Baird now attempts to connect on his second amended complaint.  But this time he strikes out.  Although the second amended complaint contains more fulsome allegations against Defendants, it ultimately suffers from the same infirmities as his first two complaints and cannot get around either absolute prosecutorial immunity or qualified immunity.  Nor does Baird show how each Defendant personally violated a right conferred by federal law.

In addition, the second amended complaint focuses on alleged violations of various Michigan statutes.  But violations of state law are not actionable under 42 U.S.C. § 1983.  His federal claims are hinged on an alleged lack of probable cause or a preliminary examination prior to his indictment in January 2021.  These alleged actions, however, occurred more than three years before he filed suit on May 6, 2024.  Because the three-year limitations period had expired, Baird's claims are untimely.

Baird also claims that there was never a finding of probable cause.  But the public documents relating to Baird's prosecution expressly state findings of probable cause.  And, at the time of his indictment, Michigan's one-man grand jury statute functioned as a preliminary examination.  Although motions to dismiss

under Fed. R. Civ. P. 12(b)(6) are restricted to the pleadings, Baird cannot use this procedural posture to distort the record.

Finally, Baird's claims of civil conspiracy must fail because there were no violations of federal rights.  Nor does Baird makes sufficiently specific allegations to support a civil conspiracy, and because each Defendant was a member of the Flint Water Prosecution Team, the intracorporate conspiracy doctrine bars his claims.  This Court should call strike three and send Baird back to the dugout.

## STATEMENT OF FACTS

As this Court knows, Plaintiff Richard L. Baird's complaint arises out of the Flint Water Crisis and his subsequent prosecution based on his role in it.  A grand jury was appointed under Michigan's one-man grand jury statute, Mich. Comp. Laws §§ 767.3.  (ECF No. 26-5, PageID.242; ECF No. 41, PageID.751, ¶¶ 32–33; ECF No. 41-1, PageID.789.)  The order appointing the grand jury specifically found "there is probable cause to suspect that certain crimes arising out of the Flint Water Crisis have been committed within the jurisdiction of this Court."  (ECF 26-5, PageID.242; ECF 41-1, PageID.789.)  Similarly, the order for an arrest warrant found "that there is probable cause to believe that Richard Louis Baird is guilty and should be arrested by process of this court."  (ECF No. 29-3, PageID.542.)  Baird was arraigned and indicted on January 14, 2021.  (ECF No. 41, PageID.757, ¶ 43; ECF No. 41-2, PageID.794–95.)  Ultimately, criminal charges against Baird

2

were dismissed based on the Michigan Supreme Court's decision in *People v. Peeler*, 984 N.W.2d 80, 81–82 (Mich. 2022).

Over three years after his arrest, arraignment, and indictment, Baird filed suit against Attorney General Dana Nessel, former Solicitor General Fadwa A. Hammoud, and Wayne County Prosecutor Kym L. Worthy.[1]  (ECF No. 1, PageID.1–11.)  Defendants moved to dismiss, and Baird later moved to file an amended complaint.  (ECF Nos.  20–21, 25–27, 29–30, 33–34.)

Following oral argument on the pending motions to dismiss and for leave to file an amended complaint, this Court denied the motions to dismiss without prejudice.  (ECF No. 37, PageID.651.)  This Court also allowed Baird to file his first amended complaint but ordered that he file a second amended complaint within 21 days.  (*Id*.)

Baird filed his second amended complaint, with three exhibits, on December 6, 2024.  (ECF No. 41, PageID.742–87; ECF No. 41-1, PageiD.788–92; ECF No. 41-2, PageID.793–95; ECF No. 41-3, PageID.796–98; ECF No.41-4, PageID.799–13.)  For the reasons stated below, this Court should dismiss the second amended complaint and all claims against Hammoud and Worthy.

---

[1] Although Baird sues all three Defendants for their alleged role in his prosecution based on Baird's actions in the Flint water crisis, there are two sets of Defendants: Attorney General Nessel, and Hammoud and Worthy.  (ECF Nos. 12–15.)  Each set of Defendants is represented by separate counsel.  (*Id*.)

## STANDARD OF REVIEW

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), courts "must accept all well-pleaded factual allegations as true and construe the complaint in the light most favorable to the plaintiff[ ]." *Mattera v. Baffert*, 100 F.4th 734, 739 (6th Cir. 2024) (citation omitted). However, "[t]o survive dismissal, the complaint must contain sufficient facts, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

This Court, however, need not "accept as true a legal conclusion couched as a factual allegation." *Id.* at 678–79 (internal quotation marks omitted). See also *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (same). Nor need it accept conclusory allegations in general, *Crawford v. Tilley*, 15 F.4th 752, 763–65 (6th Cir. 2021), or those lacking the "specific facts necessary to establish the cause of action," *Bickerstaff v. Lucarelli*, 830 F.3d 388, 396 (6th Cir. 2016) (internal quotation marks omitted). A court may dismiss a complaint if an affirmative defense, such as qualified immunity, "appears on its face," *Jones v. Bock*, 549 U.S. 199, 215 (2007), and may do so prior to the commencement of discovery. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Crawford*, 15 F.4th 767.

4

## ARGUMENT

I.   **Hammoud and Worthy are protected by absolute prosecutorial immunity.**

Prosecutors have absolute immunity for actions taken during the judicial phase of prosecution, including initiating a criminal prosecution, even where the conduct alleged is improper or illegal. *Cady v. Arenac Cnty.*, 574 F.3d 334, 339–40 (6th Cir. 2009). That is, prosecutors—like Hammoud and Worthy—are immune "in connection with [their] duties in functioning as a prosecutor." *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002). This immunity applies regardless of whether the prosecutor acted wrongfully or maliciously. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976) (prosecutor immune after knowingly presenting perjured testimony and suppressing exculpatory evidence at trial); *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (prosecutor immune for deciding to investigate and conspiring to present false charges to the grand jury, allegedly to satisfy a campaign promise to be tough on child abuse). Courts may not scrutinize motivations underlying a prosecutor's decision to prosecute. *Ireland v. Tunis*, 113 F.3d 1435, 1447 (6th Cir. 1997). Because Baird's allegations against Hammoud and Worthy concern alleged actions undertaken during the judicial phase of the prosecution, they are protected by absolute immunity.

Baird's second amended complaint contends that Hammoud and Worthy violated, and conspired with Nessel to violate, his Fourth, Fifth, and Fourteenth

5

Amendment rights by utilizing Michigan's one-man grand jury procedure rather than the "traditional citizens Grand Jury." (ECF No. 41, PageID.750, 772, ¶¶ 30, 112.) Baird further alleges that they "misus[ed] . . . MCL §§ 767.3 and MCL §§ 767.4 to act as a 'one man grand jury' to bring felony charges" and indict him. (*Id*. at PageID.773–74, 780, 784, ¶¶ 118(a)–(b), 132(a)–(b), 141.)

Baird also alleges that Hammoud and Worthy violated his Fourth, Fifth, and Fourteenth Amendment rights by "bypassing well-established processes" for criminal prosecution, "[i]nsisting that the one-man grand juror consider evidence in secret[,]" "[d]enying Baird the opportunity to challenge the evidence against him[,]" "[f]ailing and/or refusing to provide exculpatory evidence" and "requested discovery[,]" "[s]eeking and obtaining a purported 'indictment' after the statutory time for the judicial inquiry process had expired[,]" "obtaining two 6-month extensions of the judicial inquiry[,]" "refusing to comply with the judicial inquiry statutory provisions[,]" and "confiscating Baird's passport [and] restricting his travel[.]" (*Id*., PageID.774–76, 780–82, ¶¶ 118(c), (e)–(j), (l), (n), 132(c), (e)–(j), (l), (n).) Each of these alleged actions was taken "in connection with [Hammoud and Worthy's] duties as a prosecutor." *Higgason*, 288 F.3d at 877.

Indeed, courts have found that "[t]he decision to initiate a prosecution is at the core of a prosecutor's judicial role." *Kulwicki v. Dawson*, 969 F.2d 1454, 1463 (3d Cir. 1992); *see also Malley v. Briggs,* 475 U.S. 335, 343 (1986) ("[T]he

prosecutor's act in seeking an indictment is but the first step in the process of seeking a conviction," for which courts shield the prosecutor because "any lesser immunity could impair the performance of a central actor in the judicial process."). So, too, is a prosecutor's decision to "seek an arrest warrant," *Ireland*, 113 F.3d at 1446, and present charges to a grand jury, *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Absolute immunity also bars claims stemming from the alleged "non-disclosure of material exculpatory evidence" and other actions related to discovery. *Koubriti v. Convertino*, 593 F.3d 459, 470 (6th Cir. 2010); *Lanier v. Bryant*, 332 F.3d 999, 1005 (6th Cir. 2003). It also protects prosecutors from allegations arising from their appearances at hearings, and their presentation of evidence at pre-trial and trial proceedings. *Spurlock v. Thompson*, 330 F.3d 791, 797–98 (6th Cir. 2003).

Baird admits that Hammoud and Worthy "pursued a criminal indictment of Baird" and that the one-man grand jury statute's use of the term "indictment" means, amongst other things, "[a]n indictment." (ECF No. 41, PageID.742–43, 756, ¶¶ 1, 41.)[2] He also admits that he was indicted on January 14, 2021. (*Id.*, PageID.757, ¶ 43.) Baird, however, studiously ignores that prosecutors have absolute immunity in seeking an indictment, *Malley*, 475 U.S. at 343, and for

---

[2] The other definitions also relate to the judicial phase of a prosecution. (ECF No. 41, PageID., 756, ¶ 41.)

initiating a prosecution, *Buckley*, 509 U.S. at 270.  *See also Ramsey v. Rivard*, 694 F. Supp. 3d 955, 978 (E.D. Mich. 2023) (holding that the initiation of a prosecution is protected by absolute immunity); *Buchanan v. Metz*, 132 F. Supp. 3d 922, 942 (E.D. Mich. 2015) (holding that a prosecutor's decision to charge a person with a crime and to initiate litigation are protected by absolute immunity).

In addition, prosecutors have absolute immunity for presenting their case to a judicial officer—like the one-man grand juror—in order to obtain an arrest warrant, including, "[i[nvestigative acts undertaken in direct preparation of judicial proceedings, including the professional evaluation of evidence . . ." *Ireland*, 113 F.3d at 1445-47.  One of the distinguishing features of the judicial phase is that it involves a judicial officer, such as Judge David J. Newblatt, the one-man grand juror.  Hammoud and Worthy's decision to file criminal charges, seek an arrest warrant, and present such materials to a judge are all protected by absolute immunity.  *Id*. at 1445.

Only in those limited instances where a prosecutor's role is akin to a police officer investigating a case do they shed the armor of absolute immunity.  *Buckley*, 509 U.S. at 273.[3]  But Baird makes no allegation that the conduct of Hammoud and Worthy was akin to that of a police officer.  Rather, he alleges that they sought a

---

[3] In performing investigative functions, prosecutors remain protected by qualified immunity.  *Buckley*, 509 U.S. at 276.  ("When the functions of prosecutors and detectives are the same . . . the immunity that protects them is also the same.")

criminal indictment.  (ECF No. 41, PageID.742–43, ¶ 1.)  Indeed, other than purely conclusory allegations, the second amended complaint does not establish that Hammoud's and Worthy's actions were investigatory in nature.  Because all of these alleged actions were undertaken within the scope of Hammoud's and Worthy's prosecutorial duties in the judicial phase, they are protected by absolute immunity.  *Imbler*, 424 U.S. at 420.

The second amended complaint also mischaracterizes Mich. Comp. Laws §§ 767.3 and 767.4 as, "investigative statutes."  (ECF No. 41, PageID.752–55, ¶¶35–36.)  This speculative contention, however, has no legal support.  And Baird ignores that federal grand juries have investigative authority, just like Judge Newblatt had in Baird's criminal proceedings.  *United States v. Calandra*, 414 U.S. 338, 343-44 (1974).

Moreover, prosecutors receive absolute immunity for presenting evidence to a grand jury in order to seek criminal charges.  *Buckley*, 509 U.S. at 273; *Koubriti*, 593 F.3d at 467.  And, prior to the Michigan Supreme Court's decision in *Peeler*, Mich. Comp. Laws §§ 767.3 and 767.4 were used to issue indictments without a preliminary examination.  *People v. Green*, 913 N.W.2d 385, 390 (Mich. App. 2018).  The one-man grand jury worked like any other grand jury, with decisions issued by a neutral judge, and, "serve[d] the same function," as a preliminary

examination, "to determine whether there is probable cause to believe that a person committed a crime." *Id*. at 391.

Baird's allegations concern actions taken in the judicial phase of his prosecution.  Accordingly, Hammoud and Worthy are protected by absolute prosecutorial immunity and all claims against them must be dismissed.

## II.     Hammoud and Worthy are protected by qualified immunity because their conduct did not violate a constitutional right that was clearly established at the time of the alleged constitutional violations.

In addition to prosecutorial immunity, Hammoud and Worthy are entitled to qualified immunity.  A government official is entitled to qualified immunity brought pursuant to § 1983 unless (1) the official "violated a federal statutory or constitutional right," and (2) "the unlawfulness of their conduct was 'clearly established at the time.' " *Dist. of Columbia v. Wesby*, 583 U.S. 48, 62–63 (2018) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)).  As to the latter requirement, a government official's conduct violates "clearly established" law when, at the time of the alleged conduct, the "contours of [the] right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (cleaned up).

When it comes to defining the contours of a constitutional right, courts avoid defining clearly established law "at a high level of generality." *Id.* at 742.

10

Although a case does not need to be "directly on point[,] . . . existing precedent must have placed the statutory or constitutional question beyond debate." *Id.* at 741.  In other words, "[b]road legal platitudes are . . . 'of little help in determining whether' a specific prohibition 'is clearly established.' " *Barnett v. Smithwick*, 835 F. App'x 31, 36 (6th Cir. 2020) (quoting *al-Kidd*, 563 U.S. at 742).

The Supreme Court has on numerous occasions characterized the "clearly established" prong as an "essentially legal question[.]" *See e.g., Crawford-El v. Britton*, 523 U.S. 574, 589 (1998); *Siegert v. Gilley*, 500 U.S. 226, 233 (1991); *Mitchell*, 472 U.S. at 526.  Accordingly, courts must consider qualified immunity at the earliest possible stage of a case.  *Crawford-El*, 523 U.S. at 597–98; *Bell v. City of Southfield, Michigan*, 37 F.4th 362, 364 (6th Cir. 2022).

Because "one of the goals of qualified immunity is not only to help defendants avoid unnecessary trials but also to allow defendants to avoid pre-trial discovery where the lawsuit is insubstantial," qualified immunity must be considered at the pleading stage in a motion to dismiss.  *Crawford*, 15 F.4th at 763.  This includes both prongs of the qualified immunity test.  *Myers v. City of Centerville, Ohio*, 41 F.4th 746, 758–59 (6th Cir. 2022).

### A.   Hammoud and Worthy did not violate a constitutional right.

Baird contends that his Fourth Amendment rights were violated because he was not provided "a probable cause determination," his arrest warrant was

11

obtained via the one-man grand jury, he had no "probable cause conference" or
preliminary examination, and that probable cause can only be "established at a
preliminary examination hearing under Michigan law."  (ECF No. 41,
PageID.772–74, 776, ¶¶ 111–12, 115–16, 118(b)–(d), 120.)[4]  Baird contends that
his Fifth and Fourteenth Amendment rights were violated because he was indicted
under the one-man grand jury statute, not provided "the rights guaranteed to
criminal defendants by Michigan law at MCL 764 and 766," and not given a
preliminary examination  (ECF No. 41, PageID.777, 780, 782, ¶¶ 122, 132(b)–(d),
134.)  He further claims that "he had a constitutional right to expect that
Defendants would comply with the State law protections afforded criminal
defendants."  (*Id.* at PageID.778, ¶ 123.)

Baird's claims fail at step one of the qualified immunity analysis.  To begin
with, there is no federal right to a preliminary examination or a probable cause
determination prior to the charging decision.  *United States v. Mulligan*, 520 F.2d
1327, 1329 (6th Cir. 1975) ("There is no constitutional requirement for . . . [a]
preliminary examination.") (citations omitted); *Lemanski v. Borgert,* No. 94-1259,
1994 WL 687401, at *2 (6th Cir. Dec. 8, 1994) (citing *Gerstein v. Pugh,* 420 U.S.
103, 125 n. 26 (1975) (finding that the federal Constitution does not require a

---

[4] The paragraph numbering in the second amended complaint is off, going from ¶
121 to ¶ 118.  (ECF No. 41, PageID.776–77.)  As such, there are two different sets
of paragraphs 118 through 121.

judicial determination of probable cause as a prerequisite to prosecution)); *People v. Hall*, 460 N.W.2d 520, 522 (Mich. 1990) ("[T]he preliminary examination is not a procedure that is constitutionally based.").[5]

As to the probable cause hearing, Baird admits that "a probable cause hearing" is essentially "a preliminary examination hearing under Michigan state law." (ECF No. 41, PageID.745, ¶ 13.) Because this is no different than a preliminary examination, the above analysis applies, and this claim also fails. Moreover, at the time of Baird's indictment, the one-man grand jury functioned the same as any other grand jury and "serve[d] the same function," as a preliminary examination, "to determine whether there is probable cause to believe that a person committed a crime." *Green*, 913 N.W.2d at 391. And the circuit court found probable cause to arrest Baird. (ECF No. 293, PageID.541–42.)

In addition, despite his claims that he was indicted without probable cause, the order appointing the grand jury specifically found "there is probable cause to suspect that certain crimes arising out of the Flint Water Crisis have been

---

[5] Nor does Baird have a federal constitutional right to challenge the reliability or competence of the evidence supporting a grand jury's finding of probable cause. *Kaley v. United States*, 571 U.S. 320, 328 (2014). To the contrary, "[i]n a state prosecution, due process mandates only that the indictment provide the defendant with 'fair notice of the charges against him to permit adequate preparation of his defense.' " *Williams v. Haviland*, 467 F.3d 527, 535 (6th Cir. 2006) (citing *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984)). Baird's indictment satisfies that standard. (ECF No. 41-2, PageID.794-95.)

committed within the jurisdiction of this Court." (ECF No. 26-5, PageID.242; ECF No. 41-1, PageID.789.)[6]  Similarly, the order for an arrest warrant found "that there is probable cause to believe that Richard Louis Baird is guilty and should be arrested by process of this court." (ECF No. 29-3, PageID.542.)  Moreover, contrary to his claims, Baird received a hearing. (ECF No. 29-4.)

This leaves Baird with his argument that Hammoud and Worthy violated Mich. Comp. Laws §§ 767.3 and 767.4, and other statutes, such as "MCL 764 and 766." (ECF No. 41, PageID.762, 767, 777, ¶¶ 62, 88, 122.)  But this a question of state law, and mere allegations of state law violations are insufficient to state a claim under § 1983. *See Huron Valley Hosp. Inc. v. Pontiac*, 887 F.2d 710, 714 (6th Cir. 1989) (explaining that § 1983 "does not cover official conduct that allegedly violates state law").

Because Baird cannot show the violation of a constitutional right, his claim fails at the first step of the qualified immunity test, and all claims against Hammoud and Worthy should be dismissed.

---

[6] This Court can consider the order appointing the one-man grand jury, ECF No. 41-1, because Baird attached it to his complaint. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).  Baird also previously attached it to his answer to Nessel's motion to dismiss. (ECF No. 26-5.)  This Court can also consider the arrest warrant and hearing transcript because they pertain to a matter central to the Baird's claims, specifically the existence of probable cause and the lack of a hearing. *Id.*

**B.**     **Hammoud and Worthy did not violate a clearly established constitutional right.**

Baird cannot demonstrate that Hammoud and Worthy violated any rights that were clearly established at the time of their alleged conduct in January 2021. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (explaining that courts must look to the legal rules that were "clearly established" at the time the conduct occurred).  The gravamen of the clearly established prong of the qualified immunity test is whether a reasonable official, standing in the place of Hammoud and Worthy, would have been put on notice that her alleged conduct violated the Constitution.  Essentially, the "right must be defined in a manner that puts a reasonable official on notice," that her actions violated the Constitution, *Caldwell v. Moore*, 968 F.2d 595, 599 (6th Cir. 1992), or provide, "fair warning," that the official's actions violate the Constitution, *Murray v. Dep't of Corrections*, 29 F.4th 779, 790 (6th Cir. 2022).  "Otherwise, the rule is not one that 'every reasonable official' would know."  *Wesby*, 583 U.S at 63 (quoting *Reichle*, 566 U.S. at 664).

The operative law at the time of Baird's indictment in January 2021 was *Green*, 913 N.W.2d 385, under which the one-man grand jury functioned as any other grand jury.  *Id*. at 390–91.  This remained the law until June 28, 2022, when the Michigan Supreme Court decided *Peeler*, which held that Mich. Comp. Laws §§ 767.3 and 767.4 did not allow a judge to issue indictments and that the one-man grand jury did not, "serve[] the same function," as a preliminary examination.

15

*Peeler*, 984 N.W.2d at 85–86 (internal citation omitted).  Thus, at the time the Flint Water Prosecution team utilized the one-man grand jury procedure, it was not clearly established that Baird was entitled to a preliminary examination, i.e., a probable cause hearing.  In fact, it was the opposite.  *Green*, 913 N.W.2d at 391; *see also People v. Glass*, 627 N.W.2d 261 (Mich. 2001) ("We overrule [*People v.*] *Duncan*, insofar as it afforded indictees the right to a preliminary examination.").

*Peeler* was decided over four years after *Green* and over 17 months after Baird's indictment.  (ECF No. 1, PageID.3, 9, ¶¶ 16, 48(J).)  Hammoud's and Worthy's conduct was consistent with the state of the law at the time they acted, and they cannot be expected to predict future changes in the case law.  *Wilson v. Layne,* 526 U.S. 603, 617–18 (1999).  Precedent-setting decisions do not instantaneously make that law clearly established for purposes of qualified immunity.  *Lintz v. Skipski*, 25 F.3d 304, 306 (6th Cir. 1994).

For qualified immunity, the question is whether "'the contours of the right [were] sufficiently clear that a reasonable official would understand that what he is doing violates that right.'"  *Wilson,* 526 U.S. at 615 (quoting *Anderson v. Creighton,* 483 U.S. 635, 640 (1987) (alterations omitted)).  Here, the "contours of the right," asserted by Baird were not clear until the Michigan Supreme Court decided *Peeler*.  Accordingly, Hammoud and Worthy are entitled to qualified immunity.

Regardless of the timing of the violation of Mich. Comp. Laws §§ 767.3 and 767.4, "[o]fficials sued for constitutional violations do not lose their qualified immunity merely because their conduct violates some [state] statutory or administrative provision." *Davis v. Scherer*, 468 U.S. 183, 194 (1984). Because state statutes do not set forth federal rights actionable under § 1983, alleged violations of Michigan law cannot overcome Hammoud and Worthy's qualified immunity. Qualified immunity applies regardless of whether Hammoud and Worthy acted in accordance with state law. *Boswell v. Mayer*, 169 F.3d 384, 390 (6th Cir. 1999).

The second amended complaint fails to show a violation of a federal statutory or constitutional right, and, even if it did there was no clearly established right to a preliminary examination when Baird was indicted in 2021. Accordingly, it should be dismissed.

## III. The statute of limitations had expired by the time Baird filed suit against Hammoud and Worthy.

Claims brought under § 1983 use the limitations period of the state in which the action arose. *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007). Because Baird's claim arose in Michigan, the limitations period is three years. Mich. Comp. Laws § 600.5805(2); *Smith v. Taulton*, 587 F. Supp. 3d 607, 609 (E.D. Mich. 2022), *aff'd*, No. 22-1218, 2023 WL 2563543 (6th Cir. Jan. 5, 2023). The

limitations period begins to run from the date the plaintiff knows of the alleged injury. *Id*. Where an action is filed after the limitations period expires, a court must dismiss. *Cooey*, 479 F.3d at 424.

Here, Baird complains that he was indicted without probable cause or a "probable cause hearing." But the grand jury was appointed—based on probable cause—on January 9, 2020. (ECF No. 26-5, PageID.242–45.) His arrest warrant—also based on probable cause—was issued on January 8, 2021. (ECF No. 29-3, PageID.542.) Baird admits that he was indicted and arraigned on January 14, 2021. (ECF No. 745–46, 757, 773 ¶¶ 14, 15(a), 43; ECF No., 41-2, PageID.794–95.) The Genesee Circuit Court held a hearing on the matter the same day. (ECF No. 29-4, PageID.544–57.)

Baird's second amended complaint shows that he knew of all of these actions, and the transcript indicates he was present at the hearing. (ECF 29-4, PageID.546 ("Present, we have the defendant, Mr. Baird, with his attorney.") Thus, Baird knew of his alleged injuries at the time they occurred. But all of those actions happened more than three years before Baird filed suit. As such, the limitations period expired before he filed suit and this Court must dismiss.

18

**IV.    The second amended complaint must be dismissed because it fails to show the personal involvement of Hammoud and Worthy in the alleged constitutional violations.**

Baird cannot rely on merely conclusory allegations in his § 1983 lawsuit. Instead, he must show the personal involvement of each individual defendant in a constitutional violation. *Iqbal*, 556 U.S. at 676.  Further, courts need only accept "well-pleaded factual allegations" in a complaint. *Id*. at 679; Fed. R. Civ. P. 8(a)(2).  Vague or conclusory allegations, or the rote recitations of legal elements, bereft of specific factual allegations linking them to a defendant's conduct, fail to satisfy the standards for § 1983 pleadings and require dismissal. *Boxill v. O'Grady*, 935 F.3d 510, 520 (6th Cir. 2019); *Lanier*, 332 F.3d at 1007.

A plaintiff must provide more than conclusory statements, pleading enough plausible facts to show that each individual government-official defendant was *personally* involved in a constitutional violation.  *Iqbal*, 556 U.S. at 676; *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016).  Essentially, Baird must show "that each defendant officer, through his or her own individual actions, *personally* violated [Baird's] rights under clearly established law." *Johnson v. Moseley*, 790 F.3d 649, 653 (6th Cir. 2015) (emphasis in original).

Baird's second amended complaint fails this test.  Over 46 pages and 145 paragraphs, Baird lumps his allegations against Defendants together with little disambiguation.  For example, the second amended complaint mentions Hammoud

nine times and Worthy a mere five times, including the caption and the paragraphs that state their respective job titles.  (ECF No. 41, PageID.742, 744, ¶¶ 9–10.)

And those limited mentions of Hammoud and Worthy are conclusory and largely irrelevant.  Baird mentions that Hammoud regularly met with Nessel, received media clips of cases referencing cases involving the Department of Attorney General, states that the meetings and media clips likely included the then-ongoing Flint Water cases, and that they "reviewed, revised, and commented on draft statements to the media regarding the Flint Water cases."  (*Id*. at PageID.765–66, ¶¶ 78–80.)  This, however, is not surprising because Hammoud served as Nessel's Solicitor General during this period.  Regardless, these allegations have no bearing on Baird's legal claims.

Baird, in a similarly conclusory fashion, speculates that Nessel "orchestrated" with Hammoud and Worthy to prosecute him and others involved in the Flint Water Crisis because they were "Defendants' political opponents."[7]  (*Id*. at PageID.749, ¶ 27.)  Later, Baird alleges that "Nessel agreed with and conspired with Hammoud and Worthy to pursue unwarranted criminal investigations and prosecutions of Baird . . ."  (*Id*. at PageID.768–69, ¶ 95.)  Neither of these paragraphs, however, states Defendants' alleged conduct with any specificity.

---

[7] Notably, Hammoud is not a politician, and Worthy was acting in her role as a prosecutor.  And, although he has been appointed to various governmental positions, Baird enjoyed a successful career in business and is not a politician.

This falls far short of the requirement for Baird to show "that each defendant officer, through his or her own individual actions, *personally* violated plaintiff's rights under clearly established law." *Johnson*, 790 F.3d at 653 (emphasis in original). Accordingly, this Court should dismiss.

**V.     Baird's civil conspiracy claim must be dismissed because his alleged constitutional violations fail, he has not alleged conspiracy in sufficient detail to sustain the claim, and his claim is barred by the intracorporate conspiracy doctrine.**

Baird's conspiracy claim fails at the outset because, as shown above, he fails to demonstrate the violation of a constitutional right. Absent such a violation, his conspiracy claim fails. *Boxill*, 935 F.3d at 519. In addition, Baird's allegations are insufficient for a conspiracy claim and are barred by the intracorporate conspiracy doctrine.

A civil conspiracy claim requires nonconclusory fact allegations to demonstrate that each Defendant "shared in the conspiratorial objective, and/or committed specific acts in furtherance of the conspiracy." *Boxill*, 935 F.3d at 519. Conspiracy claims must be pleaded with "some degree of specificity . . . vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Blick v. Ann Arbor Pub. Sch. Dist.*, 516 F. Supp. 3d 711, 732–33 (E.D. Mich. 2021). See also *Moldowan v. City of Warren*, 578 F.3d 351, 395 (6th Cir. 2009) (holding that a civil conspiracy claim must be pleaded

with specificity "[i]n this circuit" and cannot be sustained with vague and

conclusory pleadings).

Furthermore, the allegations must make specific factual assertions that

establish each element of a civil conspiracy. *Blick v. Ann Arbor Pub. Sch. Dist.*,

105 F.4th 868, 887 (6th Cir. 2024).  Civil conspiracy contains three elements:

> First, at least two people must have agreed to a "single plan" to deprive the
> plaintiff of rights protected by § 1983.  Second, each alleged coconspirator
> must have subjectively "shared" the plan's illegal objective.  And third, one
> of the coconspirators must have taken an "overt act" to carry out the plan.

*Id*. (internal citations omitted.)  In making these allegations, a plaintiff cannot

merely rely on "incorporating all of the preceding paragraphs" of the complaint.

*Blick*, 516 F. Supp. 3d at 733.  Instead, the complaint must set forth specific "facts

relevant to the individual liability" of each defendant.  *Boxill*, 935 F.3d at 519.

The complaint must also disambiguate the actions of each alleged conspirator and

cannot rely on allegations that the defendants collectively conspired to violate his

rights.  *Blick*, 105 F.4th at 887.

Baird's second amended complaint does not meet these standards.  He

speculates that Nessel "orchestrated" with Hammoud and Worthy to prosecute him

and others involved in the Flint Water Crisis because they were "Defendants'

political opponents."  (*Id*. at PageID.749, ¶ 27.)  Later, in a similarly conclusory

manner, Baird alleges that "Nessel agreed with and conspired with Hammoud and

Worthy to pursue unwarranted criminal investigations and prosecutions of Baird . .

.'" (*Id.* at PageID.768–69, ¶ 95.)  These paragraphs fail to allege Defendants'

conduct with any specificity.  Nor do Baird's allegations that Hammoud and

Nessel regularly met to discuss cases, ECF No. 41, PageID.765-66, ¶¶ 78-80, pass

muster because "lawful parallel conduct fails to [establish an] unlawful

agreement." *Twombly*, 550 U.S. at 556 (discussing conspiracy under § 1 of the

Sherman Act, 15 U.S.C. § 1).

Regardless, Baird cannot rely on those incorporated allegations to sustain his

conspiracy claim; he must make detailed claims in Count III itself.  *Blick*, 516 F.

Supp. 3d at 733.  And the allegations made in Count III are, if anything, more

conclusory and vague; the seven paragraphs of Count III make no mention of

Hammoud or Worthy, instead lumping them together as generic "Defendants."

(ECF No. 41, PageID.783-84, ¶¶135–45.)

Baird's conspiracy claim also fails under the intracorporate conspiracy

doctrine because "all of the defendants are members of the same collective entity."

*Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839–40 (6th Cir. 1994).[8]  In

other words, Baird needs to show that Defendants acted as employees of different

entities when they allegedly conspired.  *Blick*, 105 F.4th at 887 (6th Cir. 2024).

---

[8] Although *Johnson* applied the intracorporate conspiracy doctrine to cases brought
under 42 U.S.C. § 1985, the Sixth Circuit now applies this doctrine to § 1983 case
as well. *Jackson v. City of Cleveland*, 925 F.3d 793, 817–18 (6th Cir. 2019).

Here, however, each of the alleged participants worked for the same entity—the Flint Water Prosecution Team.  Indeed, Baird admits this several times in the second amended complaint:

- "Defendants were members of the so-called Flint Water Prosecution Team."  (ECF No. 41, PageID.745, ¶ 11.)
- "At all relevant times, each Defendant was a member of the Flint Water Prosecution Team."  (*Id*., PageID.768. ¶ 91.)
- "Each Defendant worked together as the Flint Water Prosecution Team . . ."  (*Id*., PageID.784, ¶ 141.)

Because "[e]ach Defendant worked together as the Flint Water Prosecution Team," Baird merely alleges an agreement between individuals employed by a single entity, his conspiracy claims must be dismissed.

## CONCLUSION AND RELIEF REQUESTED

Hammoud and Worthy are protected by absolute prosecutorial immunity and qualified immunity, and Baird filed this action after the limitations period had expired.  Moreover, he fails to show how Hammoud and Worthy personally violated his constitutional rights.  Finally, his conspiracy claim fails because there is no underlying constitutional violation, the allegations are insufficiently specific and are barred by the intracorporate conspiracy doctrine.  Accordingly, for the reasons stated above, this Court should dismiss Baird's claims against Hammoud and Worthy with prejudice.

Respectfully submitted,

*/s/ Joshua S. Smith*
Joshua S. Smith (P63349)
Assistant Attorney General
Michigan Dept. of Attorney General
Attorney for Defendants
  Hammoud & Worthy
Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
Smithj191@michigan.gov

Dated: January 10, 2025

## CERTIFICATE OF SERVICE (EFILING)

I hereby certify that on January 10, 2025, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

*/s/ Joshua S. Smith*
Joshua S. Smith (P63349)
Assistant Attorney General
Attorney for Defendants
  Hammoud & Worthy
Corrections Division