UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISON

RICHARD L. BAIRD,

    Plaintiff,

v

DANA M. NESSEL, FADWA A. HAMMOUD, and KYM L. WORTHY,

    Defendants.

NO. 2:24-cv-11205

HON. ROBERT J. WHITE

MAG. JUDGE KIMBERLY G. ALTMAN

**DEFENDANTS' FADWA A. HAMMOUD AND KYM L. WORTHY'S MOTION TO STAY DISCOVERY PENDING FINAL RESOLUTION OF THEIR MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

---

| | |
|---|---|
| Michael B. Rizik Jr. (P33431) | Joshua S. Smith (P63349) |
| Attorney for Plaintiff | Kristin M. Southerland (P64353) |
| Rizik & Rizik | Assistant Attorneys General |
| 9400 S. Saginaw St., Ste. E | Attorneys for Defendants |
| Grand Blanc, MI 48439 |   Hammoud & Worthy |
| (810) 953-6000 | Michigan Dept. of Attorney General |
| lawyers@riziklaw.com | Corrections Division |
| autumn@riziklaw.com | P.O. Box 30217 |
| | Lansing, MI 48909 |
| Michael W. Edmunds (P55748) | (517) 335-3055 |
| Attorney for Plaintiff | Smithj191@michigan.gov |
| Gault Davison PC | southerlandk@michigan.gov |
| 8305 S. Saginaw St., Ste. 8 | |
| Grand Blanc, MI 48439 | Kyla L. Barranco (P81082) |
| (810) 234-3633 | Assistant Solicitor General |
| medmunds@gaultdavison.com | Mark E. Donnelly (P39281) |
| | Special Assistant Attorney General |
| Nancy A. Temple (IL-6205448) | Attorneys for Defendant Nessel |
| Attorney for Plaintiff | Michigan Dept. of Attorney General |
| Katten & Temple LLP | P.O. Box 30212 |
| 209 S. LaSalle St., Ste. 950 | Lansing, MI 48909 |

Chicago, IL  60604  
(312) 663-0800  
ntemple@kattentemple.com

(517) 335-7628  
barrancok@michigan.gov  
donnellym@michigan.gov

_____/

### DEFENDANTS' FADWA A. HAMMOUD AND KYM L. WORTHY'S MOTION TO STAY DISCOVERY PENDING FINAL RESOLUTION OF THEIR MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants Fadwa A. Hammoud and Kym L. Worthy, by and through counsel, move this Court to stay discovery pending the final resolution of their motion to dismiss on grounds of absolute immunity and qualified immunity, as more fully stated below and in their supporting brief.

1. Hammoud and Worthy have filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) asserting, amongst other defenses, absolute prosecutorial immunity and qualified immunity.  (ECF No. 46, PageID.852–88.)

2. When a governmental defendant asserts absolute immunity or qualified immunity, a stay of discovery is appropriate to avoid the burdens of litigation, including discovery.

3. Underscoring their importance to governmental defendants, both absolute immunity and qualified immunity are both appealable by right on an interlocutory basis.

Pursuant to Local Rule 7.1(a), on January 3, 2025 counsel for all parties participated in a concurrence conference regarding the proposed motion to stay

discovery pending final resolution of Hammoud's and Worthy's motion to dismiss on grounds of absolute immunity and qualified immunity. Counsel for Hammoud and Worthy explained the basis for their motion to dismiss. Plaintiff's counsel indicated that they did not concur. And, pursuant to this ¶II(B), Step Two of Court's Case Management Requirements, the parties' counsel also participated in a status conference before this Court on January 8, 2025, during which the parties discussed the proposed motion to stay discovery. Accordingly, Hammoud and Worthy now bring this motion.

Respectfully submitted,

/s/ Joshua S. Smith
Joshua S. Smith (P63349)
Assistant Attorney General
Michigan Dept. of Attorney General
Attorney for Defendants
  Hammoud & Worthy
Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
Smithj191@michigan.gov

Dated:  January 10, 2025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISON

RICHARD L. BAIRD,

    Plaintiff,

v

DANA M. NESSEL, FADWA A. HAMMOUD, and KYM L. WORTHY,

    Defendants.

NO. 2:24-cv-11205

HON. ROBERT J. WHITE

MAG. JUDGE KIMBERLY G. ALTMAN

**BRIEF IN SUPPORT OF DEFENDANTS' FADWA A. HAMMOUD AND KYM L. WORTHY'S MOTION TO STAY DISCOVERY PENDING FINAL RESOLUTION OF THEIR MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

---

| | |
|---|---|
| Michael B. Rizik Jr. (P33431) | Joshua S. Smith (P63349) |
| Attorney for Plaintiff | Kristin M. Southerland (P64353) |
| Rizik & Rizik | Assistant Attorneys General |
| 9400 S. Saginaw St., Ste. E | Attorneys for Defendants |
| Grand Blanc, MI 48439 |   Hammoud & Worthy |
| (810) 953-6000 | Michigan Dept. of Attorney General |
| lawyers@riziklaw.com | Corrections Division |
| autumn@riziklaw.com | P.O. Box 30217 |
| | Lansing, MI 48909 |
| Michael W. Edmunds (P55748) | (517) 335-3055 |
| Attorney for Plaintiff | Smithj191@michigan.gov |
| Gault Davison PC | southerlandk@michigan.gov |
| 8305 S. Saginaw St., Ste. 8 | |
| Grand Blanc, MI  48439 | Kyla L. Barranco (P81082) |
| (810) 234-3633 | Assistant Solicitor General |
| medmunds@gaultdavison.com | Mark E. Donnelly (P39281) |
| | Special Assistant Attorney General |
| Nancy A. Temple (IL-6205448) | Attorneys for Defendant Nessel |
| Attorney for Plaintiff | Michigan Dept. of Attorney General |
| Katten & Temple LLP | P.O. Box 30212 |

| | |
|---|---|
| 209 S. LaSalle St., Ste. 950 | Lansing, MI  48909 |
| Chicago, IL  60604 | (517) 335-7628 |
| (312) 663-0800 | barrancok@michigan.gov |
| ntemple@kattentemple.com | donnellym@michigan.gov |

_____/

**BRIEF IN SUPPORT OF DEFENDANTS' FADWA A. HAMMOUD AND KYM L. WORTHY'S MOTION TO STAY DISCOVERY PENDING FINAL RESOLUTION OF THEIR MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Joshua S. Smith (P63349)
Assistant Attorney General
Michigan Dept. of Attorney General
Attorney for Defendants
  Hammoud & Worthy
Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
Smithj191@michigan.gov

Dated:  January 10, 2025

## TABLE OF CONTENTS

                                                        <u>Page</u>

Table of Contents ............................................................................................. i

Index of Authorities ......................................................................................... ii

Concise Statement of Issues Presented ......................................................... iii

Controlling or Most Appropriate Authority .................................................. iii

Statement of Facts ............................................................................................ 1

Argument .......................................................................................................... 2

I.     Hammoud and Worthy demonstrate good cause to stay discovery because they have filed a dispositive motion asserting the defenses of absolute immunity and qualified immunity. ............................................ 2

Conclusion and Relief Requested .................................................................... 7

Certificate of Service ................................. **Error! Bookmark not defined.**

# INDEX OF AUTHORITIES

Page

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................................................... 4

*Chow v. State*, 165 F.3d 26 (6th Cir. 1998) ............................................................................. 4

*Crawford v. Tilley*, 15 F.4th 752 (6th Cir. 2021) ..................................................................... 4

*Crawford-El v. Britton*, 523 U.S. 574 (1998) .......................................................................... 5

*Criss v. City of Kent*, 867 F.2d 259 (6th Cir. 1988) ................................................................ 3

*F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611 (6th Cir. 2014) ............................................ 2

*Gavitt v. Ionia Cnty.*, 67 F. Supp. 3d 838 (E.D. Mich. 2014), aff'd sub nom.
    *Gavitt v. Born*, 835 F.3d 623 (6th Cir. 2016) ...................................................................... 3

*Harlow v. Fitzgerald,* 457 U.S. 800 (1982) ......................................................................... 3, 5

*Imbler v. Pachtman,* 424 U.S. 409 (1976) ............................................................................... 4

*In re Flint Water Cases*, 960 F.3d 820 (6th Cir. 2020) ........................................................... 4

*Kennedy v. City of Cleveland*, 797 F.2d 297 (6th Cir. 1986) .................................................. 5

*Mitchell v. Forsyth*, 472 U.S. 511 (1985) ............................................................................ 5, 6

*People v. Peeler*, 984 N.W.2d 80 (Mich. 2022) ...................................................................... 1

*Prince v. Hicks*, 198 F.3d 607 (6th Cir. 1999) ........................................................................ 6

**Statutes**

Mich. Comp. Laws § 767.3 ....................................................................................................... 1

**Rules**

Fed. R. Civ. P. 1 ........................................................................................................................ 5

Fed. R. Civ. P. 26(c)(1)(A) ....................................................................................................... 4

Case 2:24-cv-11205-RJW-KGA   ECF No. 47, PageID.898   Filed 01/10/25   Page 8 of 15

## CONCISE STATEMENT OF ISSUES PRESENTED

1. District courts have authority to issue a stay of discovery based on good cause. Hammoud and Worthy demonstrate good cause for a stay of discovery because they have filed a motion to dismiss asserting the defenses of absolute immunity and qualified immunity, amongst other grounds for dismissal. Should this Court stay discovery pending the final resolution of Hammoud's and Worthy's motion to dismiss?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

<u>Authority</u>:  *Mitchell v. Forsyth*, 472 U.S. 511 (1985)

*Crawford-El v. Britton*, 523 U.S. 574 (1998)

## STATEMENT OF FACTS

As this Court knows, Plaintiff Richard L. Baird's complaint arises out of the Flint Water Crisis and his subsequent prosecution based on his role in it. A grand jury was appointed under Michigan's one-man grand jury statute, Mich. Comp. Laws § 767.3. (ECF No. 26-5, PageID.242; ECF No. 41, PageID.751, ¶¶ 32–33; ECF No. 41-1, PageID.789.) Ultimately, criminal charges against Baird were dismissed based on the Michigan Supreme Court's decision in *People v. Peeler*, 984 N.W.2d 80, 81–82 (Mich. 2022).

Over three years after his arrest, arraignment, and indictment, Baird filed suit against Attorney General Dana Nessel, former Solicitor General Fadwa A. Hammoud, and Wayne County Prosecutor Kym L. Worthy. (ECF No. 1, PageID.1–11.) Defendants moved to dismiss, and Baird later moved to file an amended complaint. (ECF Nos. 20–21, 25–27, 29–30, 33–34.)

Following oral argument on the pending motions to dismiss and for leave to file an amended complaint, this Court denied the motions to dismiss without prejudice. (ECF No. 37, PageID.651.) This Court also allowed Baird to file his first amended complaint, but also ordered that he file a second amended complaint within 21 days. (*Id.*)

Baird filed his second amended complaint on December 6, 2024. (ECF No. 41, PageID.742–87.) Hammoud and Worthy moved to dismiss the second

1

amended complaint, asserting absolute prosecutorial immunity and qualified immunity, amongst other grounds. (ECF No. 46, PageID.852–88.) As argued below, while these motions remain pending, discovery is inappropriate and should be stayed.

## ARGUMENT

I. **Hammoud and Worthy demonstrate good cause to stay discovery because they have filed a dispositive motion asserting the defenses of absolute immunity and qualified immunity.**

Because Hammoud and Worthy have asserted both absolute immunity and qualified immunity, this Court should stay discovery pending resolution of their motion to dismiss. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626–27 (6th Cir. 2014) (internal quotation marks omitted). While "[d]istrict courts generally consider and balance certain factors when determining whether a stay of civil proceedings is appropriate in a given case," *see id*. at 627, the balancing of these factors when the government seeks a stay based on absolute immunity or qualified immunity mandates that the district court stay proceedings pending the outcome of such a motion, including any interlocutory appeal.

2

In "litigation against government officials," discovery "should be halted until the threshold question of immunity is resolved." *Criss v. City of Kent*, 867 F.2d 259, 261 (6th Cir. 1988) (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). This applies to both absolute prosecutorial immunity and qualified immunity. Prosecutorial immunity presents "a legal question that the Court decides as a matter of law." *Gavitt v. Ionia Cnty.*, 67 F. Supp. 3d 838 (E.D. Mich. 2014), *aff'd sub nom.* Gavitt v. Born, 835 F.3d 623 (6th Cir. 2016). Accordingly, discovery is generally unnecessary because "absolute immunity defeats a suit at the outset." *Id*. at 822 (quoting *Imbler v. Pachtman,* 424 U.S. 409, 419 n. 13 (1976)). See also *Chow v. State*, 165 F.3d 26 (6th Cir. 1998) ("[A] stay of discovery is properly granted until the issue of [prosecutorial] immunity is decided).

Similarly, qualified immunity serves as both a defense to liability and against the other burdens of litigation, including discovery. *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009). In *Crawford v. Tilley*, 15 F.4th 752, 763 (6th Cir. 2021), the Sixth Circuit similarly recognized that "one of the goals of qualified immunity is not only to help defendants avoid unnecessary trials but also to allow defendants to avoid pre-trial discovery where the lawsuit is insubstantial . . . [a]nd for avoiding pretrial discovery, a motion to dismiss is conclusive as to this right." (Internal quotations and citations omitted). See also *In re Flint Water Cases*, 960 F.3d 820, 826 (6th Cir. 2020) ("If the defendant files a motion to dismiss based on qualified

3

immunity, the court must stay discovery until that issue is decided.") (internal quotes omitted).

Both absolute immunity and qualified immunity represent "immunity from suit rather than a mere defense to liability" which would "effectively [be] lost if a case is erroneously permitted to go to trial," *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985), and protects governmental defendants "against ultimate personal liability in damages but also from the onerous burdens of defense." *Kennedy v. City of Cleveland*, 797 F.2d 297, 298 (6th Cir. 1986). Accordingly, "such pretrial matters as discovery are to be avoided if possible." *Mitchell*, 472 U.S. at 526 (citing *Harlow*, 457 U.S. at 817). See also *Crawford-El v. Britton*, 523 U.S. 574, 597–98 (1998) ("[T]he trial court … must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings….[I]f the defendant does plead the immunity defense, the district court should resolve that threshold question before permitting discovery.").

A stay of discovery when a motion based on absolute immunity or qualified immunity is pending is consistent with the Supreme Court's mandate that a defendant invoking the defense should not be forced to face "the other burdens of litigation," as well as the Federal Rules. Under Fed. R. Civ. P. 26(c)(1)(A), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or *undue burden or expense*, including…

4

forbidding the disclosure or discovery." And Fed. R. Civ. P. 1 requires that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

Protection from the burdens of litigation plays such a central role in immunity doctrines that a district court's denial of absolute immunity or qualified immunity at the motion to dismiss stage is amongst the small category of pretrial rulings that are immediately appealable as a matter of right. *Mitchell*, 472 U.S. at 525. See also *Crawford-El*, 523 U.S. at 598, n.19 ("If the district court enters an order denying the defendant's motion for dismissal or summary judgment, the official is entitled to bring an immediate interlocutory appeal of that legal ruling on the immunity question."); *Prince v. Hicks*, 198 F.3d 607, 609 (6th Cir. 1999) ("[W]hen a motion to dismiss is based on a state official's assertion of absolute immunity, a district court's denial of that motion is an immediately appealable collateral order.")

At the end of the day, if the pending dispositive motions are resolved in Hammoud's and Worthy's favor, it could result in the dismissal of all of the claims against them, making discovery unnecessary and burdensome. Even if only some of the claims or parties are dismissed, it will narrow the issues for discovery. As such, conducting discovery prior to a decision on the motion for judgment on the

5

pleadings would result in discovery not aimed at the final parties and claims, unnecessarily wasting time and expense for all parties. To the extent that the parties engage in motion practice regarding the scope of discovery, it would also waste this Court's judicial resources.

6

## CONCLUSION AND RELIEF REQUESTED

For the reasons stated above, this Court should stay discovery pending final resolution of Hammoud's and Worthy's motion to dismiss on grounds of absolute immunity and qualified immunity.

Respectfully submitted,

*/s/ Joshua S. Smith*
Joshua S. Smith (P63349)
Assistant Attorney General
Michigan Dept. of Attorney General
Attorney for Defendants
　Hammoud & Worthy
Corrections Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
Smithj191@michigan.gov

Dated: January 10, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2025, I electronically filed the above document with the Clerk of the Court using the ECF system which will send notification of such filing to counsel and placed same in the U.S. mail to the following non-ECF participant:

*/s/ Joshua S. Smith*
Joshua S. Smith (P63349)
Assistant Attorney General
Attorney for Defendants
　Hammoud & Worthy
　Corrections Division