UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD L. BAIRD,

     Plaintiff,

v

DANA M. NESSEL, FADWA A. HAMMOUD, and KYM L. WORTHY,

     Defendants.

No. 2:24-cv-11205

HON. ROBERT J. WHITE

MAG. KIMBERLY G. ALTMAN

_____/

## DEFENDANT ATTORNEY GENERAL DANA NESSEL'S REPLY BRIEF IN SUPPORT OF HER MOTION TO DISMISS

Kyla L. Barranco (P81082)
Assistant Solicitor General

Mark E. Donnelly (P39281)
Special Assistant Attorney General

Attorneys for Defendant Nessel
Mich. Dep't of Attorney General
P.O. Box 30212
Lansing, Michigan 48909
517.335.7628
barrancok@michigan.gov
donnellym@michigan.gov

Dated:  March 7, 2025

# TABLE OF CONTENTS

<u>Page</u>

Table of Contents ..................................................................................i

Index of Authorities..............................................................................ii

Argument...............................................................................................1

I.    The Attorney General is protected by absolute prosecutorial immunity for all of Baird's claims. ...................................................1

II.   The Attorney General is protected by qualified immunity for all of Baird's claims. .......................................................................7

      A.    The Attorney General did not violate Baird's constitutional rights...............................................................8

      B.    The Attorney General did not violate any of Baird's constitutional rights that were clearly established in January 2021 at the time of the alleged violation...............11

III.   Baird fails to plausibly plead that the Attorney General was personally involved in the underlying criminal prosecutions.......13

Conclusion and Relief Requested...........................................................15

Certificate of Service (e-file)................................................................15

# INDEX OF AUTHORITIES

Page

**Cases**

*Albright v. Oliver*, 510 U.S. 266 (1994) ............................................. 10, 12

*Anderson v. Creighton*, 483 U.S. 635 (1987) ............................................. 7

*Ashcroft v. al-Kidd*, 563 U.S. 731 (2011) ........................................ *passim*

*Baker v. McCollan*, 443 U.S. 137 (1979) .................................................... 8

*Brosseau v. Haugen*, 543 U.S. 194 (2004) ............................................... 11

*Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) ............................... 1, 2, 3, 6

*Burns v. Reed*, 500 U.S. 478 (1991) ......................................................... 3

*Collins v. Swenson*, 443 F.2d 329 (8th Cir. 1971) ..................................... 8

*Dillard v. Bomar*, 342 F.2d 789 (6th Cir. 1965) ....................................... 8

*District of Columbia v. Wesby*, 583 U.S. 48 (2018) ................................... 7

*Fox v. Van Oosterum*, 176 F.3d 342 (6th Cir. 1999) ................................. 4

*Gerstein v. Pugh*, 420 U.S. 130 (1975) ............................................ 8, 9, 10

*Grant v. Hollenbach*, 870 F.2d 1135 (6th Cir. 1989) ............................ 4, 6

*Hicks v. Oklahoma*, 447 U.S. 343 (1980) ................................................ 11

*Higgason v. Stephens*, 288 F.3d 868 (6th Cir. 2002) ......................... 1, 4, 6

*Huron Valley Hosp., Inc. v. City of Pontiac*, 887 F.2d 710 (6th Cir. 1989) ................................................................................................. 11

*Imbler v. Pachtman*, 424 U.S. 409 (1976) ............................................ 1, 2

*Ireland v. Tunis*, 113 F.3d 1435 (6th Cir. 1999) ....................................... 4

*Lomaz v. Hennosy*, 151 F.3d 493 (6th Cir. 1998) .............................. 1, 5, 6

ii

*Malley v.* Briggs, 475 U.S. 335 (1986)........................................................3

*Mattera v. Baffert*, 100 F.4th 734 (6th Cir. 2024)..................................14

*Odell v. Burke*, 281 F.2d 782 (7th Cir. 1960)..........................................8

*People v. Green*, 913 N.W.3d 385 (Mich. Ct. App. 2018)...................5, 12

*People v. Peeler*, 984 N.W.2d 80 (Mich. 2022)..................................10, 13

*Reichle v. Howards*, 566 U.S. 658 (2012).................................................7

*Saucier v. Katz*, 533 U.S. 194 (2001)......................................................11

*United States ex rel. Hughes v. Gault*, 271 U.S. 142 (1926)...................8

*United States v. R. Enterprises, Inc.*, 498 U.S. 292 (1991).....................3

*Warnick v. Cooley*, 895 F.3d 746 (10th Cir. 2018)..................................6

# ARGUMENT

## I.  The Attorney General is protected by absolute prosecutorial immunity for all of Baird's claims.

Prosecutors are entitled to absolute immunity from civil liability for actions taken in furtherance of their roles as prosecutors. *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002).  Immunity extends to conduct "intimately associated with the judicial phase of the criminal process," *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976), which includes decisions taken for "initiating a prosecution and . . . presenting the state's case," *Lomaz v. Hennosy*, 151 F.3d 493, 499 (6th Cir. 1998) (quoting *Imbler*, 424 U.S. at 430).  Contrary to Baird's assertion, the Attorney General was not involved with the Flint Water Prosecution Team.  (ECF No. 41, PageID.744, ¶ 8.)  However, even assuming she was involved, she would be protected by absolute prosecutorial immunity for acting "in the course of [her] role as an advocate for the State[.]" *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

Whether a prosecutor is entitled to absolute immunity depends on whether the prosecutor acted in an advocacy or investigative capacity. *Id.*  Baird incorrectly asserts that the Attorney General was acting in

her investigative capacity and, as a result, is not entitled to absolute immunity.  (ECF No. 52, PageID.1003.)  In support of that argument, he alleges that she—along with Defendants Hammoud and Worthy— "misapplied investigative tools to secure an illegal indictment and to deny Baird a preliminary examination[.]"  (ECF No. 52, PageID.998.)

To determine whether a prosecutor acted as an advocate or in an investigatory capacity, courts look to "the functional nature of the [prosecutor's] activities[.]"  *Imbler*, 424 U.S. at 430.  If the conduct is related to the prosecutor's function as an advocate, then the prosecutor is entitled to absolute immunity.  *Id.*  But if the conduct encompasses "administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings[,]" then the prosecutor is not protected by absolute immunity.  *Buckley*, 509 U.S. at 273.  Rather than relying on the *nature* of the Attorney General's activities, Baird argues that immunity only covers actions she purportedly took after Baird's attorney moved for a preliminary examination.  (ECF No. 52, PageID.1000, "Defendants never transitioned from the investigative to the judicial stage because they cut corners and circumvented the

preliminary examination requirement.")  This bright-line temporal rule has no basis in caselaw.

The Supreme Court has enumerated that a "prosecutor's act in seeking an indictment is but the first step in the process of seeking a conviction," and a prosecutor is entitled to immunity for such an act. *Malley v.* Briggs, 475 U.S. 335, 343 (1986).  In *Burns v. Reed*, the Court held that a prosecutor was entitled to immunity for his activities during a search warrant hearing that occurred *before* charges were brought. 500 U.S. 478, 491–92 (1991).[1]  Similarly, in *Buckley*, the Court explained that immunity applies to "the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation . . . before a grand jury after a decision to seek an indictment has been made."  509 U.S. at 273.  Thus, even when a prosecutor is before a grand jury, which is considered to have an investigatory function, *see United States v. R. Enterprises, Inc.*, 498 U.S. 292, 297 (1991), a prosecutor is still protected by immunity.

---

[1] As far back as 1927, the Court has upheld immunity for a prosecutor's acts before a grand jury.  *Id.* at 490 (noting that the Court had "affirmed a decision by the . . . Second Circuit in which that court had held that the common-law immunity extended to a prosecutor's conduct before a grand jury." (citing *Yaselli v. Goff*, 275 U.S. 503 (1927))).

What these cases show is that the pertinent inquiry is whether the prosecutor was "functioning as an advocate for the state[,]" *Ireland v. Tunis*, 113 F.3d 1435, 1145 (6th Cir. 1999), and not whether the prosecutor's conduct occurred during a specific time in the proceedings. Even when a prosecutor engages in "investigative acts[,]" if such acts are "undertaken in direct preparation of judicial proceedings, including the professional evaluation of evidence, [they] warrant absolute immunity," *id.  See also Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (providing that the " '[f]unctional analysis' focuses on the *role* of the prosecutor at the time he engages in the challenged conduct.") (emphasis added).

Prosecutorial immunity applies even with "a showing that a prosecutor acted wrongfully or . . . maliciously[.]" *Fox v. Van Oosterum*, 176 F.3d 342, 353 (6th Cir. 1999) (quoting *Grant*, 870 F.2d at 1138); *see also Grant*, 870 F.2d at 1138 (applying absolute immunity despite claims of collusion and prosecution for alleged "political reasons").  It also applies when a court finds an "absence of evidence to support the charges filed[.]" *Higgason*, 288 F.3d at 878.  In *Grant*, the Sixth Circuit held that county prosecutors were absolutely immune from suit for

allegedly conspiring to bring false charges before a grand jury.  870 F.2d at 1138.  And in *Lomaz*, the court held that prosecutors were immune from liability for preparing and approving a search warrant and for advice given to the officers during the execution of the search warrants. 151 F.3d at 499 ("The act of initiating and presenting the state's case includes appearances before a judge to establish probable cause for a search warrant.").

Baird's argument rests on the fact that the Prosecution Team denied him "a statutorily-guaranteed preliminary examination hearing to establish probable cause[,]" for the purposes of "secur[ing] an illegal indictment[.]"  (ECF No. 52, Page ID.998.)  He also asserts that the Defendants failed to "present evidence to an independent judge or a citizen grand jury."  (*Id.*, PageID.1001.)  Baird ignores, however, that when Hammoud filed the application for the appointment of a one-man grand jury, such a procedure was permissible under *People v. Green*, 913 N.W.3d 385, 390 (Mich. Ct. App. 2018).  Also, the Prosecution Team *did* present evidence to the one-man grand jury. (ECF No. 41-1, PageID.790.)  Ultimately, Judge Newblatt issued an indictment against Baird based on the Prosecution Team's evidence. (ECF No. 41-2,

PageID.794–795.)  This conduct is plainly protected by absolute immunity.  *Buckley*, 509 U.S. at 273.

That the judge's indictment was later found to be improper does not matter for purposes of absolute prosecutorial immunity.  When Hammoud filed the application for a one-man grand jury, she sought an indictment, the first step in "initiating a prosecution," for which a prosecutor is entitled to immunity.  *Lomaz*, 151 F.3d at 499.  Caselaw is clear that irrespective of whether a preliminary hearing is scheduled to establish probable cause, a prosecutor is still be entitled to immunity even if it was later established that there was no probable cause for bringing the charges.  *Higgason*, 288 F.3d at 878; *Grant*, 870 F.2d at 1138; *Warnick v. Cooley*, 895 F.3d 746, 752 (10th Cir. 2018) (rejecting the theory that "when a prosecutor did not have probable cause to file charges, only *qualified* immunity can apply" because it "would go a long way toward eliminating absolute prosecutorial immunity altogether, and it is not the law").

For these reasons, Baird's claims against the Attorney General should be dismissed.

## II.   The Attorney General is protected by qualified immunity for all of Baird's claims.

Even if the Attorney General is not protected by absolute immunity, she is nonetheless entitled to qualified immunity.  Qualified immunity protects government officials from civil liability unless "(1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was 'clearly established at the time.' " *District of Columbia v. Wesby*, 583 U.S. 48, 62–63 (2018) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)).  To be "clearly established[,]" the right must be "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

Baird argues that the Attorney General violated his Fourth, Fifth, and Fourteenth Amendment rights by failing to obtain a probable cause determination through a preliminary examination before he was deprived of his liberties.  (ECF No. 41, PageID.773, 777, ¶¶ 116, 122; ECF No. 52, PageID.1005.)  Regarding the second inquiry, Baird asserts that her conduct was unreasonable in light of the "clearly established constitutional rights" mandating a preliminary examination before

7

being indicted.  (ECF No. 52, PageID.1007.)  Baird's arguments fail.

There is no clearly established constitutional right to a preliminary

examination because no such right exists.

### A.    The Attorney General did not violate Baird's constitutional rights.

The Supreme Court has consistently held that there is no

constitutional right to a preliminary examination.  *Gerstein v. Pugh*,

420 U.S. 130, 126 (1975); *United States ex rel. Hughes v. Gault*, 271 U.S.

142, 149 (1926) ("The Constitution does not require any preliminary

hearing before a person charged with a crime . . . ."); *Baker v. McCollan*,

443 U.S. 137, 143 (1979) (providing that "an adversary hearing is not

required" for pretrial restraint of liberty).  Other courts, including the

Sixth Circuit have held the same.  *Dillard v. Bomar*, 342 F.2d 789, 790

(6th Cir. 1965) ("We do not find that the Supreme Court has ever held

that an accused has a constitutional right to a preliminary hearing.");

*Odell v. Burke*, 281 F.2d 782, 790 (7th Cir. 1960) ("[T]here exists no

constitutional right to demand a preliminary hearing prior to

indictment or trial.") (citations omitted); *Collins v. Swenson*, 443 F.2d

329, 331 (8th Cir. 1971) ("[I]t is uniformly held that a defendant is not

entitled to a preliminary hearing as a matter of constitutional right.")
(citation omitted).

*Gerstein* does not change this outcome.  At issue there was
"whether a person arrested and held for trial under a prosecutor's
information is constitutionally entitled to a judicial determination of
probable cause for pretrial restraint of liberty."  420 U.S. at 105.  The
criminal defendants in *Gerstein* were arrested *without a warrant* and
without a probable cause determination.  *Id.* at 116; *see also id.* at 105
(explaining that, under existing Florida law, a prosecutor could charge
non-capital offenses "by information, without a prior preliminary
hearing and without obtaining leave of court").  The Court rejected this
procedure, holding that "prosecutorial judgment standing alone" does
not "meet[ ] the requirements of the Fourth Amendment."  *Id.* at 117.
The Court, however, went on to reason that:

> In holding that the prosecutor's assessment of
> probable cause is not sufficient alone to justify restraint of
> liberty pending trial, we do not imply that the accused is
> entitled to judicial oversight or review of the decision to
> prosecute. Instead, we adhere to the Court's prior holding
> that a judicial hearing is not prerequisite to prosecution by
> information.  [*Id.* at 118–19 (citations omitted).]

*See also Albright v. Oliver*, 510 U.S. 266, 283 (1994) ("[T]he due process requirements for criminal proceedings do not include a standard for the initiation of a criminal prosecution.").  And it further held that "adversary safeguards"—such as "counsel, confrontation, cross-examination, and compulsory process for witnesses"—are not required for a probable cause determination.[2] *Gerstein*, 420 U.S. at 119, 120.

Here, unlike in *Gerstein*, an arrest warrant was secured by the Prosecution Team from Judge Newblatt.  (ECF No. 29-3, PageID.541–542.)  And prior to this warrant being secured, Judge Newblatt issued an indictment following lengthy one-man grand jury proceedings. While the Michigan Supreme Court *later* held that Judge Newblatt did not have authority to issue an indictment, it did not repudiate his authority to issue an arrest warrant—to the contrary, it confirmed this authority.  *People v. Peeler*, 984 N.W.2d 80, 87 (Mich. 2022) ("the judge may authorize an *arrest warrant*.").

In sum, *Gerstein* does not help Baird, and he has failed to show a federal right to a preliminary examination.

---

[2] This holding cuts against Baird's argument that a preliminary examination was necessary to provide the "adversarial testing of a judicial stage."  (ECF No. 41, PageID.767, ¶ 86.)

10

**B.    The Attorney General did not violate any of Baird's constitutional rights that were clearly established in January 2021 at the time of the alleged violation.**

As there is no constitutional right to a preliminary examination, Baird cannot demonstrate that there is a clearly established right to one.  In any event, the threshold to demonstrate a clearly established right is high.  At the time of the alleged conduct, "existing precedent must have placed the statutory or constitutional question beyond debate." *al-Kidd*, 563 U.S. at 741.  The contours of the right must be so well defined that it would be clear to a reasonable official that their conduct was unlawful. *Brosseau v. Haugen*, 543 U.S. 194, 198–99 (2004) (citing *Saucier v. Katz*, 533 U.S. 194, 202 (2001)).  The inquiry must also be analyzed in light of the specific context of the case. *Id.*

Baird argues that the court's holding in *Peeler*, 984 N.W.2d at 85, was clearly established prior to the decision because it is a rule of law that may be applied retroactively.  (ECF No. 52, PageID.1007.)  This fails for two reasons.  First, § 1983 "does not cover official conduct that allegedly violates *state* law." *Huron Valley Hosp., Inc. v. City of Pontiac*, 887 F.2d 710, 714 (6th Cir. 1989) (citation omitted). *Hicks v. Oklahoma* is inapposite because it involved a post-trial liberty deprivation, which

11

implicated federal procedural due process rights.  447 U.S. 343, 346

(1980) (explaining that the Fourteenth Amendment protects again

arbitrary, post-trial criminal punishments by the State).  Those

protections do not apply pre-trial, *Albright*, 510 U.S. at 274, and, as

explained above, there is no federal right to a preliminary examination

under the Fourth Amendment.

Second, Baird fails to acknowledge that the clearly established

prong must be analyzed by looking at whether the law was clearly

established *at the time* of the alleged conduct.  *al-Kidd*, 563 U.S. at 741.

What was clearly established in January 2021, the time that Baird

alleges the Attorney General violated his constitutional rights, is that

the use of a one-man grand jury to secure an indictment was

permissible under *Green*.  913 N.W.2d at 390–91.

Baird asserts that the Prosecution Team should have known that

the *Green* decision was wrong.  (ECF No. 52, PageID.1008.).  *Green* was

binding precedent at the time of Baird's grand jury proceedings.  It was

not until June 28, 2022, the date that the *Peeler* decision was

announced, that *Green* was no longer valid, binding precedent in

Michigan.  At the time the Prosecution Team utilized the one-man

grand jury procedure, it was not clearly established that Baird was entitled to a preliminary examination under Michigan law. *Peeler* itself underscores this point. 984 N.W.2d at 399 ("To be sure, judges serving as one-person grand jurors have issued indictments following investigations.") (citations omitted); *see also id.* (explaining that "the historical practice has been mixed") (citation omitted). For this reason, it is not possible for Baird to meet his burden to establish that it was "sufficiently clear that every reasonable official would have understood that" utilizing a one-man grand jury procedure was impermissible when he was indicted in 2021. *al-Kidd*, 563 U.S. at 741.

Accordingly, the second amended complaint should be dismissed.

## III.   Baird fails to plausibly plead that the Attorney General was personally involved in the underlying criminal prosecutions.

Baird has not sufficiently alleged that the Attorney General was personally involved in the Flint Water criminal prosecutions. Instead, he has argued that "[i]t is plausible, based on [the Attorney General's] political motivations, personal involvement in 400 meetings, and revision of press releases about the criminal investigation, that she was personally involved in violating Baird's constitutional rights." (ECF No.

13

52, PageID.1008.).  Baird's second amended complaint does not plead sufficient facts to demonstrate, or even indicate, that the Attorney General was personally involved in the prosecutions.

For a complaint "[t]o survive dismissal, the complaint must contain sufficient facts, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  It is true that the court "must accept all well-pleaded factual allegations as true and construe the complaint in the light most favorable to the plaintiff." *Mattera v. Baffert*, 100 F.4th 734, 739 (6th Cir. 2024) (citations omitted).  However, the complaint must include enough facts to state a claim that is plausible, not just conceivable.  *Ashcroft*, 556 U.S. at 680; *see also id.* at 678 ("The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully."). In response to the Attorney General's argument that she was not personally involved, Baird provides nothing more than the speculative and conclusory statements in his complaint.  (ECF No. 52, PageID.1008.)  Without more, Baird's complaint cannot survive.

## CONCLUSION AND RELIEF REQUESTED

For these reasons, the Attorney General requests that this Court

dismiss this case with prejudice.

Respectfully submitted,

*/s/Kyla L. Barranco*
Kyla L. Barranco (P81082)
Assistant Solicitor General

Mark E. Donnelly (P39281)
Special Assistant Attorney
General

Dated:  March 7, 2025

## CERTIFICATE OF SERVICE (E-FILE)

I hereby certify that on March 7, 2025, I electronically filed the above

document(s) with the Clerk of the Court using the ECF System, which

will provide electronic copies to counsel of record.

*/s/Kyla L. Barranco*
Kyla L. Barranco (P81082)
Assistant Solicitor General

Attorney for Defendant Nessel
Mich. Dep't of Attorney General
P.O. Box 30212
Lansing, Michigan 48909
517.335.7628
barrancok@michigan.gov

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |
|---|---|
| RICHARD L. BAIRD, | |
| Plaintiff, | |
| | Case No. 2:24-CV-11205 |
| v. | |
| | Honorable Robert J. White |
| DANA M. NESSEL, FADWA A. HAMMOUD AND KYM WORTHY, | |
| Defendants. | |

**BRIEF FORMAT CERTIFICATION FORM**

I, Kyla Barranco, certify that the foregoing brief complies with Eastern District of Michigan Local Rules 5.1(a), 5.1.1, and 7.1, and Judge White's Case Management Requirements, including the following (click each box to indicate compliance):

☒ the **original** brief contains a statement regarding concurrence, *see* LR 7.1(a);

☒ the brief, including footnotes, uses 14-point font, *see* LR 5.1(a)(3);

☒ the brief contains minimal footnotes and, in all events, no more than 10, *see* Case Management Requirements § III.A;

☒ the brief and all exhibits are filed in searchable PDF format, *see* Case Management Requirements § III.A;

☒ except for footnotes and necessary block quotes, the brief is double spaced (not "Exactly 28 pt" spaced) with one-inch margins, *see* LR 5.1(a)(2);

16

☒ deposition transcripts have been produced in their entirety (not in minuscript), *see* Case Management Requirements § III.A **(not applicable)**;

☒ if the brief and exhibits total 50 pages or more, I will mail to chambers a courtesy copy with ECF headers, *see* Case Management Requirements § III.B **(not applicable)**.

I also acknowledge that my brief will be stricken from the docket if the Court later finds that these requirements are not met.

*/s/Kyla Barranco*
Kyla Barranco
Attorney for Defendant Dana Nessel